1 | DOWNEY BRAND LLP
MICHAEL J. THOMAS (Bar No. 172326)
2 | APARNA RAJAGOPAL-DURBIN (Bar No. 218519)
555 Capitol Mall, Tenth Floor
3 | Sacramento, CA  95814-4686
Telephone:      (916) 444-1000
4 | Facsimile:      (916) 444-2100
E-mail:  mthomas@downeybrand.com
5 | E-mail:  adurbin@downeybrand.com

6 | Attorneys for Plaintiff
Nutrishare, Inc.

7 |

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 |

| Nutrishare, Inc., a California corporation, | Case No. |
| --- | --- |
| Plaintiff, | **COMPLAINT** |
| v. | 1.  **Trademark Infringement (Lanham Act § 32(1), 15 U.S.C. § 1114(1))** |
| BioRx, LLC, an Ohio Limited Liability Company, | 2.  **Trademark Infringement (Common Law)** |
| Defendant. | 3.  **Unfair Competition (Lanham Act § 43(a), 15 U.S.C. § 1125(a))** |
| | 4.  **Unfair Competition (Cal. Business & Professions Code §§ 17200 et. seq.)** |
| | **JURY TRIAL DEMANDED** |

        Plaintiff NUTRISHARE, INC. ("Plaintiff" or "Nutrishare") hereby alleges for its

Complaint against Defendant BIORX, LLC ("Defendant" or "BioRx") as follows:

**I.**

**THE PARTIES**

        1.      Plaintiff is, and at all times mentioned herein was, a corporation duly organized

and existing under the laws of the State of California and has its principal place of business in Elk

Grove, California.  Plaintiff is in the business of providing products and services related to total

1  parenteral nutrition (hereinafter "TPN") which is the practice of providing nutrients intravenously

2  to individuals who suffer from ailments that deteriorate their gastrointestinal system to such a

3  degree that they can no longer eat and digest foods.

4          2.      Upon information and belief, Defendant BioRx is a limited liability company

5  organized and existing under the laws of the State of Ohio, and has its principal place of business

6  in Cincinnati, Ohio.  Upon information and belief, Defendant is engaged in the business of

7  providing products and services related to TPN under the business name "NutriThrive," which is

8  not registered as a formal business entity with the Ohio Secretary of State.

9                                          II.

10                                    **JURISDICTION**

11         3.      Jurisdiction in this court is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a),

12  and 15 U.S.C. § 1121 in that this action arises under the Trademark Laws of the United States, 15

13  U.S.C. §§ 1051 *et seq*.

14         4.      This Court has jurisdiction over the unfair competition claims alleged herein under

15  28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the

16  Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

17         5.      The court also has supplemental jurisdiction over Plaintiff's state law claim

18  pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under

19  federal law that they form part of the same case or controversy and derive from a common

20  nucleus of operative fact.

21                                          III.

22                                       **VENUE**

23         6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because (a) the acts

24  of infringement and other wrongful acts alleged herein occurred in the Eastern District of

25  California; (b) Defendant resides in the Eastern District of California under 28 U.S.C. § 1391(b);

26  and (c) Defendant has sufficient connections with the Eastern District of California to make

27  venue proper in this district.

28  / / /

COMPLAINT

**IV.**

**FACTUAL BACKGROUND**

**Plaintiff and its Trademark**

7.    Nutrishare, Inc. was founded in 1991 by Rod Okamoto and Tom Diamantidis.

8.    Nutrishare researches, develops, advertises, markets, and distributes TPN-related products and services to TPN consumers in their home.

9.    The "Nutrishare" designation was first used by Nutrishare in 1991 and has been continuously used since that date to identify Nutrishare's products and services and to distinguish them from those made and sold by others.

10.    On September 3, 2002, Nutrishare obtained a registration of the "Nutrishare" word mark in the category of retail pharmacy and mail order services in the field of TPN pharmaceutical solutions, supplies and equipment for TPN patients at their home (Registration No. 2615200).  A copy of the Certificate of Registration of the "Nutrishare" mark is attached hereto as Exhibit A.  This registration remains in full force and effect.

11.    The validity of the "Nutrishare" mark and of the registration of the mark, Nutrishare's ownership of the mark, and Nutrishare's exclusive right to use the mark in commerce for the above-mentioned services are incontestable under 15 U.S.C. § 1065, and 15 U.S.C. § 1115(b), as Nutrishare has filed the required affidavit with the USPTO.

12.    The "Nutrishare" mark has always been prominently displayed on Nutrishare's products, letter head, invoices, advertising, and publications, either in standard characters or in conjunction with a logo depicting "Nutrishare" in block letters preceded by the stylized image of a bag and IV catheter.

**Defendant's Infringement**

13.    On information and belief, BioRx formally launched its "NutriThrive" product line and division on November 18, 2007.

14.    On information and belief, NutriThrive is not registered as an entity with the Ohio Secretary of State.

15.    On information and belief, BioRx develops, advertises, markets, and distributes

924986.2

3

COMPLAINT

1  TPN-related products and services to TPN consumers in their home under the "NutriThrive"

2  name.

3        16.    At all times relevant to this complaint, BioRx has been actually or constructively

4  aware of the "Nutrishare" mark.

5        17.    BioRx intentionally and willfully adopted and used a designation, "NutriThrive,"

6  that is confusingly similar to the "Nutrishare" mark.

7        18.    BioRx has used the "NutriThrive" designation without Nutrishare's permission or

8  authority.

9        19.    As a result of BioRx's use of "NutriThrive" in connection with its products and

10  services, consumers have actually been confused, mistaken, or deceived, are likely to be

11  confused, mistaken, or deceived, and will continue to be confused, mistaken, or deceived as to the

12  source of products or services offered by the parties.

13                                    **V.**

14                        **CLAIMS FOR RELIEF**

15                       **FIRST CLAIM FOR RELIEF**

16  **(Trademark Infringement -- Violation of Lanham Act § 32(1), 15 U.S.C. § 1114(1))**

17        20.    Plaintiff realleges and incorporates herein by reference the allegations set forth in

18  paragraphs 1 through 19.

19        21.    Because Plaintiff advertises, markets, and distributes its products and services

20  under the "Nutrishare" mark, this mark is the means by which Nutrishare's products and services

21  are distinguished from the products and services of others in the same or related fields.

22        22.    Because of Plaintiff's long, continuous, and exclusive use of the "Nutrishare"

23  mark, Nutrishare's customers and referring physicians have come to understand the "Nutrishare"

24  mark as signifying the products and services of Plaintiff.

25        23.    Defendant, with constructive and/or actual knowledge of Plaintiff's mark, has

26  engaged and continues to engage in advertising, marketing, selling or offering to sell in interstate

27  commerce products and services bearing the "NutriThrive" designation.  The products and

28  services advertised and sold by Defendant using the "NutriThrive" designation compete directly

924986.2                                    4

with products and services offered by Plaintiff using the "Nutrishare" mark.  Plaintiff and Defendant also have overlapping customers.

24.    Defendant's actions are likely to cause confusion or mistake by members of the public as to the source, origin, affiliation, or sponsorship of the products and services offered by each of the parties.

25.    Further, Defendant's activities are likely to lead consumers to conclude, incorrectly, that the infringing products and services that Defendant is developing, advertising, marketing, and distributing originate with or are authorized by Plaintiff, to the damage of Plaintiff, its customers, and the public.

26.    Upon information and belief, Defendant has developed, advertised, marketed, and distributed the infringing products and services with the purpose of misleading, deceiving, or confusing customers, referring physicians, and the public as to the relationship, affiliation, or sponsorship of its products and services by Nutrishare, and of trading upon Plaintiff's goodwill and business reputation.

27.    At a minimum, Defendant acted with full knowledge of Plaintiff's prior rights in its mark, and with willful, intentional, and/or reckless disregard of Plaintiff's rights.

28.    Defendant's activities constitute infringement of Plaintiff's federally registered servicemark in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114(1).

29.    As a direct and proximate result of Defendant's acts and practices in violation of 15 U.S.C. § 1114(1) as set forth above, Plaintiff has suffered and will continue to suffer injury and damages in an amount according to proof.  Moreover, Plaintiff is entitled to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117 due to Defendant's deliberate and unjustified infringement.

30.    By reason of Defendant's conduct, Defendant has caused and unless such acts and practices are enjoined by the court, will continue to cause, immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, including, among other things: (a) continuing harm to the reputation and strength of Plaintiff's mark as an identification of the source and quality of Plaintiff's products and services which will be difficult to measure in

1    monetary terms; and (b) continuing confusion in the minds of consumers as to the source, origin,

2    affiliation, or sponsorship of its products and services offered by each of parties.

3                              **SECOND CLAIM FOR RELIEF**

4                        **(Common Law Trademark Infringement )**

5          31.    Plaintiff realleges and incorporates herein by reference the allegations set forth in

6    paragraphs 1 through 30.

7          32.    The "Nutrishare" designation is a corporate, business or professional name used by

8    Plaintiff.

9          33.    Because Plaintiff advertises, markets, and distributes its products and services

10   under the "Nutrishare" designation, this designation is the means by which Nutrishare's products

11   and services are distinguished from the products and services of others in the same or related

12   fields.

13         34.    Because of Plaintiff's long, continuous, and exclusive use of the "Nutrishare"

14   designation, Nutrishare's customers and referring physicians have come to understand the

15   "Nutrishare" designation as signifying the products and services of Plaintiff.

16         35.    Defendant, with constructive and/or actual knowledge of Plaintiff's designation,

17   has engaged and continues to engage in advertising, marketing, selling or offering to sell in

18   interstate commerce products and services bearing the "NutriThrive" designation.  The products

19   and services advertised and sold by Defendant using the "NutriThrive" designation compete

20   directly with products and services offered by Plaintiff using the "Nutrishare" designation.

21   Plaintiff and Defendant also have overlapping customers.

22         36.    Defendant's actions are likely to cause confusion or mistake by members of the

23   public as to the source, origin, affiliation, or sponsorship of the products and services offered by

24   each of the parties.

25         37.    Further, Defendant's activities are likely to lead consumers to conclude,

26   incorrectly, that the infringing products and services that Defendant is developing, advertising,

27   marketing, and distributing originate with or are authorized by Plaintiff, to the damage of

28   Plaintiff, its customers, and the public.

924986.2                                    6

38.    Upon information and belief, Defendant has developed, advertised, marketed, and distributed the infringing products and services with the purpose of misleading, deceiving, or confusing customers, referring physicians, and the public as to the source, origin, affiliation, or sponsorship of the products and services offered by each of the parties, and of trading upon Plaintiff's goodwill and business reputation.

39.    At a minimum, Defendant acted with full knowledge of Plaintiff's prior rights in its mark, and with willful, intentional, and/or reckless disregard of Plaintiff's rights.

40.    As a direct and proximate result of Defendant's acts and practices in violation of common trademark laws, Plaintiff has suffered and will continue to suffer injury and damages in an amount according to proof.

41.    By reason of Defendant's conduct, Defendant has caused and unless such acts and practices are enjoined by the court, will continue to cause, immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, including, among other things: (a) continuing harm to the reputation and strength of Plaintiff's mark as an identification of the source and quality of Plaintiff's products and services which will be difficult to measure in monetary terms; and (b) continuing confusion in the minds of consumers as to the source, origin, affiliation, or sponsorship of its products and services offered by each of parties.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition -- Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a))

42.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 41.

43.    Because Plaintiff advertises, markets, and distributes its products and services under the "Nutrishare" mark, this mark is the means by which Nutrishare's products and services are distinguished from the products and services of others in the same or related fields.

44.    Because of Plaintiff's long, continuous, and exclusive use of the "Nutrishare" mark, Nutrishare's customers and referring physicians have come to understand the "Nutrishare" mark as signifying the products and services of Plaintiff.

45.    Plaintiff is informed and believes, and thereon alleges, that the use by Defendant

1  of its "NutriThrive" designation constitutes deliberate and willful copying of Plaintiff's

2  "Nutrishare" mark.

3          46.     Plaintiff is informed and believes, and thereon alleges, that Defendant's intention

4  in adopting and using its "NutriThrive" designation was to deceive, mislead, and confuse

5  consumers to enable Defendant to trade off Plaintiff's reputation and goodwill.

6          47.     Defendant, with constructive and/or actual knowledge of Plaintiff's marks, has

7  engaged and continues to engage in advertising, marketing, selling or offering to sell in interstate

8  commerce products and services bearing the "NutriThrive" designation.  The products and

9  services advertised by Defendant using the "NutriThrive" designation compete with the services

10  offered by Plaintiff under the "Nutrishare" mark.  Furthermore, Plaintiff and Defendant have

11  overlapping customers.

12          48.     Defendant's actions are likely to cause confusion or mistake by members of the

13  public as to the source, origin, affiliation, or sponsorship of the products and services offered by

14  each of the parties.

15          49.     Defendant's acts constitute unfair competition in violation of 15 U.S.C. § 1125(a).

16          50.     As a direct and proximate result of Defendant's acts and practices in violation of

17  15 U.S.C. § 1125(a) as set forth above, Plaintiff has suffered and will continue to suffer injury

18  and damages in an amount according to proof.  Moreover, Plaintiff is entitled to treble damages

19  and attorneys' fees pursuant to 15 U.S.C. § 1117 due to Defendant's deliberate and unjustified

20  infringement.

21          51.     By reason of Defendant's conduct, Defendant has caused and unless such acts and

22  practices are enjoined by the court, will continue to cause, immediate and irreparable harm to

23  Plaintiff for which there is no adequate remedy at law, including, among other things: (a)

24  continuing harm to the reputation and strength of Plaintiff's mark as an identification of the

25  source and quality of Plaintiff's products and services which will be difficult to measure in

26  monetary terms; and (b) continuing confusion in the minds of consumers as to the source, origin,

27  affiliation, or sponsorship of its products and services offered by each of parties.

28  / / /

924986.2

COMPLAINT

**FOURTH CLAIM FOR RELIEF**

**(Unfair Competition -- California Business and Professions Code § 17200 et. seq.)**

52.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 51.

53.     Defendant, with full knowledge of Plaintiff's mark, has engaged and continue to engage in unfair competition as defined by California Business and Professions Code §§ 17200 *et. seq.* Specifically, Defendant, with constructive and/or actual knowledge of Plaintiff's mark, has engaged and continues to engage in advertising, marketing, selling or offering to sell in interstate commerce products and services bearing the "NutriThrive" designation. The products and services advertised and sold by Defendant using the "NutriThrive" designation compete with the products and services offered by Plaintiff under the "Nutrishare" mark.

54.     Defendant's acts and conduct are likely to confuse the public into believing that the products and services offered by Defendant are sponsored, approved, or authorized by Plaintiff or that Defendant is somehow associated with Plaintiff.

55.     Defendant's acts are unlawful and unfair within the meaning of California Business and Professions Code § 17200.

56.     Plaintiff is informed and believes, and thereon alleges, that in doing the acts alleged herein, Defendant acted with the intent to damage Plaintiff's ability to compete, dilute Plaintiff's goodwill, and dilute the commercial value of Plaintiff's products and services.

57.     As a direct and proximate result of Defendant's above-described unlawful, unfair, and fraudulent business practices, Plaintiff has lost profits and suffered damages and Defendant has been unjustly enriched. Plaintiff is therefore entitled to restitution from Defendant, and Defendant should be ordered to disgorge any and all profits attributable to the acts of unfair and/or unlawful competition alleged herein.

58.     As a result of Defendant's above-described unlawful, unfair and fraudulent business practices, Plaintiff has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill. Unless Defendant's acts and practices are enjoined by this court, Defendant's actions are likely to

924986.2

9

1  continue to cause consumer confusion as to the source, origin, affiliation, and sponsorship of the

2  products and services offered by the parties.

3                                              **VI.**

4                                    **PRAYER FOR RELIEF**

5        As a result of the foregoing, Plaintiff respectfully requests the following relief:

6        1.      For a preliminary and permanent injunction, enjoining Defendant and its agents,

7  servants, and employees, and all persons acting under, in concert with, or for it from:

8                a.      Using the name "NutriThrive," or any variation of the term "nutri" as a

9        source identifier for itself, any related entities, or the products and services it offers;

10               b       Using the domain name www.nutrithrive.com, or any other domain name

11       involving the term "nutri" or any variation thereof;

12               c.      Making any and all references to the term "NutriThrive" in any and all

13       websites, including but not limited to www.nutrithrive.com, www.biorx.com, and any

14       other websites;

15               d.      Causing likelihood of confusion, deception, or mistake as to the source,

16       origin, affiliation, or sponsorship of Defendant's products or services; and

17               e.      Otherwise infringing Plaintiff's "Nutrishare" mark.

18       2.      For an accounting of all moneys received by Defendant on account of Defendant's

19  unlawful competition or as a result of the acts alleged in this complaint;

20       3.      For all of Defendant's profits derived from its infringement of Plaintiff's

21  trademarks;

22       4.      For a disgorgement of profits in the amount of Defendant's unjust enrichment;

23       5.      For damages, including three times the amount of actual damages caused by

24  Defendant's infringement of Plaintiff's trademarks;

25       6.      That this be declared an exceptional case and that Plaintiff be awarded its

26  reasonable attorneys' fees expended in this action;

27  / / /

28  / / /

924986.2

COMPLAINT

1    7.    For costs of suit incurred herein; and

2    8.    For such other and further relief as the court may deem proper.

3   DATED:  June 4, 2008                    DOWNEY BRAND LLP

4

5                                           By:_____/s/ Michael J. Thomas_____

6                                                    MICHAEL J. THOMAS
                                                     Attorney for Plaintiff
7                                                    Nutrishare, Inc

8
                              **DEMAND FOR JURY TRIAL**
9

10      Plaintiff Nutrishare, Inc. requests a trial by jury.

11   DATED:  June 4, 2008                    DOWNEY BRAND LLP

12

13                                          By:_____/s/ Michael J. Thomas_____

14                                                   MICHAEL J. THOMAS
                                                     Attorney for Plaintiff
15                                                   Nutrishare, Inc

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,615,200
Registered Sep. 3, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## NUTRISHARE

NUTRISHARE, INC. (CALIFORNIA CORPORA-
TION)
10519E STOCKTON BLVD., #160
ELK GROVE, CA 95624

FOR: RETAIL PHARMACY AND MAIL ORDER
SERVICES IN THE FIELD OF TOTAL PARENTER-
AL NUTRITION PHARMACEUTICAL SOLUTIONS,
SUPPLIES AND EQUIPMENT FOR TOTAL PAR-
ENTERAL NUTRITION PATIENTS AT THEIR
HOME, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-23-1991; IN COMMERCE 7-1-1991.

SER. NO. 76-338,114, FILED 11-13-2001.

STEVEN R. FOSTER, EXAMINING ATTORNEY