DOWNEY BRAND LLP
MICHAEL J. THOMAS (Bar No. 172326)
APARNA RAJAGOPAL-DURBIN (Bar No. 218519)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:    (916) 444-1000
Facsimile:     (916) 444-2100
E-mail: mthomas@downeybrand.com
E-mail: adurbin@downeybrand.com

Attorneys for Plaintiff
Nutrishare, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nutrishare, Inc., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BioRx, LLC, an Ohio Limited Liability Company,<br><br>　　　　　Defendant. | Case No.  2:08-CV-01252-WBS-EFB<br><br>**DECLARATION OF MICHAEL J. THOMAS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　　August 4, 2008<br>Time:　　2:00 p.m.<br>Dept:　　Courtroom 5 |

I, Michael J. Thomas, hereby declare as follows:

　　　1.　　I am an attorney licensed to practice law in the State of California and a partner in the law firm of Downey Brand LLP, attorneys of record for Nutrishare, Inc. in this action.  I have personal knowledge of the facts set forth herein, except to the extent they are stated on information and belief, and, if called to testify, I could and would testify competently to the contents hereof.

　　　2.　　On June 4, 2008, I sent a letter to Eric Hill and the registered agent for service of process of BioRx, LLC, asking that BioRx cease and desist from conducting activities that infringe Nutrishare, Inc's trademark.  A true and correct copy of my letter is attached hereto as Exhibit A.

　　　3.　　On June 20, 2008, I received a letter from Patricia B. Hogan of Keating, Muething

934940.1　　　　　　　　　　　　　　　　　　　1

DECLARATION OF MICHAEL J. THOMAS IN SUPPORT OF MOT. FOR PRELIM. INJUNCTION

1  and Klekamp PLL, responding to my June 4, 2008 letter on behalf of BioRx, LLC. A true and
2  correct copy of Ms. Hogan's letter is attached hereto as Exhibit B.
3      I declare under penalty of perjury under the laws of the United States and the State of
4  California that the foregoing is true and correct to the best of my knowledge.
5      Dated this 24 day of June, 2008, in Truckee, California.

                                                      /s/ Michael J. Thomas
                                                      Michael J. Thomas



**DOWNEY | BRAND**
ATTORNEYS LLP

555 Capitol Mall, 10th Floor
Sacramento, CA 95814

P: 916/444-1000
F: 916/444-2100
downeybrand.com

Michael J. Thomas
mthomas@downeybrand.com

June 4, 2008

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Eric Hill
President
BioRx
10828 Kenwood Rd
Cincinnati, OH 45242

Michael G. Schwartz, Esq.
441 Vine Street, Suite 2900
Cincinnati, OH 45202

Re:   Trademark Infringement of Nutrishare®

Dear Messrs Hill and Schwartz:

We represent Nutrishare, Inc. (hereinafter "Nutrishare"), which has been providing total parenteral nutrition ("TPN") to customers nationwide for the past seventeen years. Since its inception, Nutrishare, Inc. has actively used and promoted the word mark Nutrishare®. On September 3, 2002, Nutrishare obtained a registration of the Nutrishare® word mark in the category of retail pharmacy and mail order services in the field of TPN pharmaceutical solutions, supplies and equipment for TPN patients at their home (Registration No. 2615200). The Nutrishare® mark has now achieved incontestable status. Moreover, Nutrishare, Inc. owns the domain name www.nutrishare.com and has always used that as the address for its website.

Our client has learned that your company has been using the name "NutriThrive," in connection with the sale of products and/or services for individuals requiring Home TPN. Specifically, you are using the name "NutriThrive" in connection with Home TPN care directed to the same class of consumers and using the same channels of trade that are the exclusive purview of the Nutrishare® mark. You are also using the domain name www.nutrithrive.com to market the "NutriThrive" products and services.

For the reasons set forth below, your use of "NutriThrive" infringes our client's federally registered trademark. We are writing to demand an immediate halt to this illegal activity.

As they appear in the marketplace, "Nutrishare" and "NutriThrive" are confusingly similar. Moreover, this is not a case where the marks are being used in a "crowded field." This is a field of two players. Until last year, Nutrishare was the only company that specialized exclusively in long term home TPN products and services, and even today, no other existing TPN provider besides NutriThrive uses the "nutri" term to identify its offerings. Furthermore, it appears you

Eric Hill<br>
Michael G. Schwartz, Esq.<br>
June 4, 2008<br>
Page 2

offer nearly identical products and services, although our investigations indicate they are inferior to those provided for the last seventeen years by Nutrishare.

As a direct and proximate result of your actions, actual consumer confusion as to the source of the goods or services, sponsorship, or affiliation with Nutrishare is now occurring. To date, physicians and nurses have become confused regarding the relationship between NutriThrive and Nutrishare. The consequences of a physician or a nurse making a medical decision based on the erroneous impression that NutriThrive and Nutrishare are related are entirely unacceptable. Consumer confusion is sure to continue, given the similarity of your name and the Nutrishare® mark, and given the overlap in marketing and advertising channels.

Your use of the "NutriThrive" designation also appears to be deliberately aimed at competing with our client. We were surprised to discover that your advertisements are nearly identical to our client's advertisements, you have hired the mother of one of our client's former customers as a salesperson for NutriThrive, and you are using one of our client's former customers as your spokesperson. This cannot be purely coincidental.

Your conduct constitutes trademark infringement and unfair competition in violation of the federal Lanham Act, 15 U.S.C. § 1114 and § 1125, *et seq.*, common law trademark infringement, and unfair competition under California Business and Professions Code § 17200 *et seq.* The above-referenced laws provide numerous remedies including, but not limited to, preliminary and permanent injunctive relief, money damages, a defendant's profits, and where intentional infringement is shown (as would be the case here), attorneys' fees and possible treble money damages.

In view of your infringement of Nutrishare's rights, we must demand that you and any of your affiliates, partners, officers, employees, agents, or other persons or entities acting in concert with you or at your direction, immediately cease and desist from the activities described above and that you provide written assurances that you will:

1. Permanently refrain from any use of the term "NutriThrive," or any other variation thereof, in relation to your products and services;

2. Remove any and all references to the term "NutriThrive" or any variation thereof from any and all websites, including but not limited to www.nutrithrive.com, www.biorx.com, and any other websites, whether owned by you or a third party; and

3. Cease using any variation of the term "Nutri" as a commercial identifier for your products and services.

If we do not receive written assurances by **5 p.m., June 20, 2008** that you will comply with the above demand, we will have no choice but to seek injunctive relief.

DOWNEY | BRAND<br>ATTORNEYS LLP

This letter is not a complete recitation of all the claims, issues or facts related to this matter. This letter should not be construed as a waiver of any rights by Nutrishare, including, without limitation, the right to seek monetary damages, equitable relief, and attorney's fees, all of which are expressly reserved.

Very truly yours,

DOWNEY BRAND LLP

*[signature]*

Michael J. Thomas

917483.1

**KMK** | Keating Muething & Klekamp PLL
ATTORNEYS AT LAW

PATRICIA B. HOGAN
DIRECT DIAL: (513) 579-6959
FACSIMILE: (513) 579-6457
E-MAIL: PHOGAN@KMKLAW.COM

RECEIVED
JUN 20 2008
MJT

June 17, 2008

Mr. Michael J. Thomas
Downey Brand Attorneys LLP
555 Capital Mall, 10th Floor
Sacramento, California 95814

Dear Mr. Thomas:

This firm represents BioRx, LLC ("BioRx"), the owner of the NutriThrive brand. My client forwarded me your letter of June 4 regarding the trademark infringement claims of your client, Nutrishare, Inc. ("Nutrishare"). Going forward, please address all correspondence on this matter to my attention.

Initially, I must disagree with your general conclusion that BioRx's use of its NutriThrive trademark infringes your client's trademark rights. My responses to each of the specific allegations contained in your letter are detailed below.

Contrary to your assertions, the TPN field is not one with only two players. Our research shows a number of other entities in the field, and we have strong evidence to suggest that your client is not even the largest of these entities. While it is true that both of our clients provide TPN, NutriThrive also provides Enteral Nutrition and other ancillary support services and supplies, which I understand serve a different set of consumers. A simple search of trademarks on the TESS database of the USPTO substantiates the belief that more than two entities offer TPN.

Clearly "nutri" is descriptive of products and services in the TPN field. Even if the field of TPN were to be considered a highly-specialized niche field of nutritional goods and services, the fact remains that TPN is ultimately about "nutrition" products and services and "nutri" is a well recognized designation for products and services related to nutrition. Our client informs me that several of its competitors include some Nutrition designation in their names and product offerings, including Nutrepletion, Apria Nutrition Advantage and Coram Advanced Nutritional Services. Dozens of "nutri" marks are found on the trademark register and even more in common law usage. The "nutri" portion of your client's mark is *extremely* weak and not a strong basis on which to claim trademark infringement.

Second, you claim that "actual consumer confusion as to the source of the goods or services, sponsorship, or affiliation with Nutrishare is now occurring." Our client, however, has provided us with evidence that shows customers have distinguished NutriThrive from Nutrishare based on the differences in the respective trademarks, alone. Therefore, I would request that you provide us with evidence of the actual confusion you are claiming. Our client has been in the marketplace for a year and your client has had knowledge of this usage for that same period. We have no evidence of confused consumers, and as is mentioned above, clear evidence that consumers are not being confused.

**KMK | Keating Muething & Klekamp PLL**
ATTORNEYS AT LAW

Any effort by your client to claim a right to injunctive relief after a year of knowing of NutriThrive's existence will be met head on. Disguising a tortuous inference with my client's business as a need for immediate trademark infringement relief, months after becoming aware of the alleged "infringement," is unlikely to find support in either Ohio or California courts.

Finally, your claim that BioRx's use of NutriThrive is "deliberately aimed at competing with" Nutrishare is simply not true. BioRx is interested in creating its own brand identity and has a plethora of documents showing their name development process to confirm this. None of these documents refers to Nutrishare, either as a competitor or a tested name.

We have received both your client's logo and advertisements and examined the two web sites and don't see any evidence of the "nearly identical" status you claim. The colors, stylization and look of the two logos is very different and I see no "identical" elements in the published ads or web sites. There is absolutely nothing to support a theory that my client adopted this mark to call your client's mark to mind.

If the "spokesperson" referenced in your letter are the Seiz family, it is true they have provided testimonials about our client's product, but they have never been paid to do so. Our client's salesperson is also not the mother of a former customer of your client. NutriThrive does however, have a consumer advocate whose son received about a week of TPN from Nutrishare in 2000. This can hardly be thought of as a defining connection, or establish any company knowledge of your client. This individual was hired after the company name was selected and had no role in that process.

In summary, it is our position that BioRx's use of NutriThrive does not constitute infringement of Nutrishare's trademark rights. As "share" and thrive" are clearly different, the entire basis of your claim appears to be that your client is entitled to the exclusive use of "nutri" for nutritional products and services. As pointed out above, your client cannot own exclusive rights in "nutri" for nutritional products or services. Apparently even the Trademark Office does not have an issue with the two marks co-existing, as no 2(d) basis was cited against BioRx's federal trademark application for NutriThrive for TPN products and services. Accordingly, BioRx sees no legal reason cease use of its NutriThrive trademark.

I sincerely doubt that your client wants to spend thousands of dollars on a case based on the dubious claim that only one party can own and use the term "nutri" for nutritional products and services. Our client has informed us that they will determinedly fight any effort by your client to impede NutriThrive's legal competition.

Sincerely,

KEATING MUETHING & KLEKAMP PLL

By: /s/ Patricia B. Hogan
Patricia B. Hogan

PBH:kmb
cc: Eric Hill

2531627.1

One East Fourth Street • Suite 1400 • Cincinnati, Ohio 45202-3752
TEL 513.579.6400 • FAX 513.579.6457 • www.kmklaw.com