1  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   MICHAEL R. ADELE (BAR NO. 138339)
2  CHARLENE J. WILSON (BAR NO. 222497)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   501 West Broadway, 15th Floor
4  San Diego, California 92101-3541
   Phone: (619) 233-1155
5  Fax: (619) 233-1158
   E-Mail:   awintersheimer@allenmatkins.com
6            madele@allenmatkins.com
             cwilson@allenmatkins.com
7
   Attorneys for Defendant
8  BIORX, LLC

9                       UNITED STATES DISTRICT COURT

10                      EASTERN DISTRICT OF CALIFORNIA

11

12  NUTRISHARE, INC., a California corporation,   | Case No. 2:08-cv-01252-WBS-EFB

13              Plaintiff,                        | Complaint filed June 4, 2008

14       v.                                       | **DEFENDANT'S *EX PARTE* APPLICATION FOR CONTINUANCE OF HEARING DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

15  BIORX, LLC, an Ohio Limited Liability Company,

16              Defendant.

17

18       Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rules 6-144 and 78-

19  230(g), Defendant BioRx, LLC ("Defendant" or "BioRx") applies to this Court *ex parte* for an

20  order continuing the hearing date on Plaintiff's Motion for Preliminary Injunction, which is

21  presently set for August 4, 2008 at 2:00 p.m., and for a corresponding extension of time for

22  Defendant to file and serve its Opposition to the Motion for Preliminary Injunction based on the

23  new hearing date.  Good cause for the continuance and extension exists because: (1) Plaintiff filed

24  this action in a distant improper venue that lacks personal jurisdiction such that the Court must

25  first hear Defendant's motion to dismiss and/or transfer venue in order to assure that Plaintiff's

26  preliminary injunction motion is heard in the proper venue by a court with jurisdiction over

27  Defendant; (2) a continuance will *not* prejudice Plaintiff, who delayed filing this action, never

28  sought a temporary restraining order and delayed serving its preliminary injunction papers even

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD     DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
                 DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

*after* their completion; and (3) Defendant was only recently able to retain counsel admitted to practice before this Court and defense counsel needs additional time to adequately prepare and respond to Plaintiff's preliminary injunction motion, including Plaintiff's belated submission of additional declarations, in order to avoid prejudice and irreparable injury to Defendant. Defendant's counsel requested that Plaintiff stipulate to a continuance of the hearing on the Motion for Preliminary Injunction, and a corresponding extension of time to respond, but Plaintiff has refused to stipulate to a continuance or an extension (and has even refused to accept service of papers by facsimile). Accordingly, this application is both necessary and appropriate, and should be granted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **BACKGROUND**

   A. **Factual Background.**

Plaintiff Nutrishare ("Plaintiff" or "Nutrishare") is misusing its trademark in an attempt to maintain its admitted monopoly over the market for in-home parenteral (IV) nutrition products and services (also referred to as TPN). Indeed, the facts *as alleged by Plaintiff* illustrate that Plaintiff delayed filing this action against BioRx, its only competitor in the market, until its market share began to be threatened, and then filed the action in a distant and improper forum to achieve a maximum anticompetitive threat. As Plaintiff admits:

> "Until last year, Nutrishare was the only company in the nation that focused <u>exclusively</u> on providing Home TPN products and services . . . . Now, there are two companies – Nutrishare and BioRx's NutriThrive division – that focus on in-home TPN products and services." (Decl. of Rodney Okamoto in Supp. of Mot. for Prelim. Injunction ("Okamoto Decl."), ¶ 21 (emphasis in original)).

> "Within the past six months, NutriThrive has begun encroaching on Nutrishare's sales territory, and actually has solicited Nutrishare's customer and physician colleages." (Okamoto Decl., ¶ 16).

Plaintiff's own allegations demonstrate that they did ***not*** commence this action promptly, but rather waited until after Defendant had invested substantial time, effort and money into its

/ / / / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD

-2-
DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

NutriThrive brand. For instance, the following is a timeline according to *Plaintiff's own allegations* (and publicly available government records):

- **June 2007:** Plaintiff knew in June 2007 BioRx was going to use the NutriThrive name, when it did not have a single customer, because BioRx announced at the Oley Foundation Conference (one of Plaintiff's primary marketing vehicles) that BioRx would provide "in-home enteral nutrition and in-Home TPN products and services" under the NutriThrive brand name. (Okamoto Decl., ¶ 13).

- **July/August 2007:** NutriThrive advertisements run in the Lifeline Letter, "the most widely circulated Home TPN newsletter and Nutrishare's primary marketing vehicle for its print advertising." (Okamoto Decl., ¶ 14).

- **Unknown date 2007:** Nutrishare (through its coordinator of clinical services and research) claims to have learned about supposed confusion between Nutrishare and NutriThrive. (Decl. of Reid Nishikawa in Supp. of Mot. for Prelim. Injunction ("Nishikawa Decl."), ¶ 4(a)).

- **November/December 2007:** NutriThrive again runs advertisements in the Lifeline Letter, "the most widely circulated Home TPN newsletter and Nutrishare's primary marketing vehicle for its print advertising." (Okamoto Decl., ¶ 14).

- **January 2008:** The NutriThrive trademark publishes for opposition in 1/1/08 (class 44 – medical, beauty agricultural) and 1/15/08 (class 5 -- pharmaceutical).[1]

- **February 2008:** Nutrishare claims to have learned of two more instances of supposed confusion. (Nishikawa Decl., ¶ 4(b), (c)).

- **February 2008:** Nutrishare does *not* oppose registration of NutriThrive mark.[2]

- **March/April 2008:** The Lifeline Newsletter lists Nutrishare above (and in different category) as NutriThrive. (Okamoto Decl., ¶ 13).

Plaintiff waited until June 4, 2008, to commence this action far from BioRx's place of business (Ohio) and, no doubt due to its lengthy delay, did not bother to seek a temporary restraining order. Plaintiff's nearly year long delay in bringing this action demonstrates that a continuance of a few more weeks will not result in any prejudice.

---

[1] Defendant hereby requests that the Court take judicial notice of the official website for the United States Patent and Trademark office, at http://tarr.uspto.gov/tarr?regser=serial&entry=77229275&action=Request+Status and http://tarr.uspto.gov/tarr?regser=serial&entry=77229266.

[2] See footnote 1, *supra*.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD

-3-

DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**B.    Procedural Background.**

On June 4, 2008, Nutrishare, a California corporation with its corporate headquarters in Elk Grove, California, filed its Complaint in the United States District Court for the Eastern District of California, against BioRx, an Ohio Limited Liability Company headquartered in Cincinnati, Ohio. (Plaintiff's Complaint, ¶¶ 1-2). In its Complaint, Plaintiff seeks to maintain its monopoly and prevent further competition by alleging causes of action for trademark infringement and unfair competition as a result of Defendant's use of the "nutri" prefix by its NutriThrive division, which specializes in providing products and services to individuals requiring in-home parenteral (IV) and enteral (tube feeding) nutrition. Plaintiff did not seek a temporary restraining order, nor did it promptly serve the Complaint. In fact, in a letter from Plaintiff's counsel to Defendant dated June 4, 2008 regarding Plaintiff's alleged claims against BioRx, Plaintiff did not even mention the filing of the Complaint. (*See* Exhibit A attached to the Decl. of Michael J. Thomas in Supp. of Mot. for Prelim. Injunction).

Instead, Plaintiff withheld service of the Complaint until after June 24, 2008, when Plaintiff filed a Motion for Preliminary Injunction seeking to enjoin Defendant from using the name NutriThrive or any variant of the name containing the "nutri" prefix, with a scheduled hearing date of August 4, 2008 at 2:00 p.m. (Declaration of Charlene J. Wilson in Support of *Ex Parte* Application ("Wilson Decl."), ¶ 2). The Complaint and Motion for Preliminary Injunction with supporting declarations were not served on Defendant until June 26, 2008. (Wilson Decl., ¶ 3). On July 9, 2008, Defendant was served with additional declarations in support of Plaintiff's Motion for Preliminary Injunction – which included a June 28, 2008 declaration of Kerry Stone that Plaintiff delayed serving. (Wilson Decl., ¶ 4).

Defendant's responsive pleading to the Complaint is due on or before July 16, 2008. F.R.C.P. 6(a)(1)(A)(i). Defendant is in the process of finalizing, and will file on or before July 16, a motion to dismiss and/or transfer on the basis of lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b). Defendant's motion to dismiss and/or transfer will be noticed for hearing on August 18, 2008. (Wilson Decl., ¶ 6). However, Defendant's Opposition to the Motion for Preliminary Injunction is currently due on or before July

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD

-4-
DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

21, 2008 and is currently scheduled for hearing on August 4, 2008, prior to the hearing on Defendant's motion to dismiss and/or transfer. (Wilson Decl., ¶ 7).

Because lead defense counsel is located in Cincinnati, Ohio (where the Defendant is located) and not admitted to practice before the Eastern District of California, local defense counsel was just recently retained on July 11, 2008. (Wilson Decl., ¶ 5). In light of its recent retention in this matter and the anticipated filing of a motion to dismiss and/or transfer, local defense counsel attempted to contact Plaintiff's counsel on July 14, 2008 by telephone and by letter sent via facsimile and e-mail to request a stipulation to extend the hearing date on Plaintiff's Motion for Preliminary Injunction to a date following a ruling on Defendant's motion to dismiss and/or transfer. Defense counsel advised Plaintiff's counsel that, in the event Plaintiff was unwilling to stipulate, Defendant would be requesting a continuance and extension by *ex parte* application. (Wilson Decl., ¶ 8, Ex. A). Defense counsel again attempted to reach Plaintiff's counsel by telephone on July 15, 2008 regarding the requested stipulation. (Wilson Decl., ¶ 9). Defense counsel was subsequently informed, both by telephone and by letter that Plaintiff would not stipulate to the requested continuance and extension and that Plaintiff would be opposing Defendant's *ex parte* application. (Wilson Decl., ¶ 10, Ex. B). No prior continuances or extensions have been requested in this matter. (Wilson Decl., ¶ 11).

## II. GOOD CAUSE EXISTS FOR A CONTINUANCE OF THE PRELIMINARY INJUNCTION HEARING DATE AND CORRESPONDING EXTENSION FOR DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Court has the inherent authority to control its own docket and to manage its own affairs so as to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Accordingly, pursuant to Federal Rules of Civil Procedure, when "an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires". F.R.C.P. 6(b). In addition, Local Rules 6-144 and 78-230

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD

-5-
DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1 state that requests for extensions of time shall be made as soon as need for an extension becomes
2 apparent and, with respect to hearing continuances, at least five court days prior to the scheduled
3 hearing date.

4     The request to continue the hearing date on Plaintiff's Motion for Preliminary Injunction
5 and, corresponding extension of the deadline for Defendant's Opposition thereto, is timely as it is
6 being made more than five court days prior to the scheduled hearing date and prior to the deadline
7 for Defendant's Opposition. Furthermore, the requested short continuance and extension: (1)
8 serves judicial economy and precludes litigation of issues that are not properly before this Court,
9 (2) will not prejudice Plaintiff (as evidenced by Plaintiff's own lengthy delay in bringing this
10 action and its failure to seek a temporary restraining order, promptly serve the Complaint, or even
11 inform Defendant of the filing of the Complaint in its June 4, 2004 letter), (3) is necessary due to
12 the recent retention of local defense counsel who needs additional time to adequately defend
13 against a preliminary injunction motion that, if granted, would irreparably injure Defendant, and
14 (4) is necessary as a result of the recent submission by Plaintiff of additional declarations in
15 support of their Motion for Preliminary Injunction.

### A. Personal Jurisdiction Must Be Established Prior to a Preliminary Injunction Hearing.

18     Judicial economy would be served by continuing the hearing date on the Preliminary
19 Injunction until after the hearing on Defendant's motion to dismiss and/or transfer. Simply stated,
20 this Court does *not* have personal jurisdiction over Defendant and the Eastern District of
21 California is not the proper venue. Rather, the matter should properly be brought in the United
22 States District Court for the Southern District of Ohio (where the Defendant resides). A resolution
23 of this issue *must* be made prior to a hearing on Plaintiff's Motion for Preliminary Injunction as
24 personal jurisdiction is a foundational requirement to the ability of this Court to grant an
25 injunction against Defendant. *See, e.g., Burnham v. Superior Court*, 495 U.S. 604, 608 (1990)
26 (noting the well-settled rule that a judgment of a court lacking jurisdiction is void); *Weitzman v.*
27 *Stein*, 897 F.2d 653 (2d Cir. 1990) (holding that an injunction was improperly entered for failure
28 to establish personal jurisdiction).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD

-6-
DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### B.  Plaintiff Will Not Be Prejudiced By the Requested Extension.

Given Plaintiff's delay in bringing this action and failure to seek a temporary restraining order, the minimal delay in the hearing date will not prejudice Plaintiff. Specifically, as admitted in the declarations submitted by Plaintiff in support of its Motion for Preliminary Injunction, Plaintiff was aware in June 2007 that Defendant was going to use the NutriThrive name. (Okamoto Decl., ¶ 13). At some point in 2007, and again in February 2008, Plaintiff claims to have become aware of alleged instances of confusion between Plaintiff (Nutrishare) and NutriThrive. (Nishikawa Decl., ¶ 4(a)-(c)). Yet Plaintiff waited until early June 2008 – a year after becoming aware of Defendant's use of the NutriThrive name – to bring this action. In fact, Plaintiff filed its Complaint only after its market share began to deteriorate and it realized that, for the first time in its 17-year history, they had a competitive threat. Plaintiff's delay in filing and serving its Complaint until well after it knew of Defendant's use of the NutriThrive name, as well as its failure to seek a temporary restraining order or promptly inform Defendant of the filing of the Complaint, demonstrates the lack of prejudice to Plaintiff as a result of a minimal delay in hearing its Motion for Preliminary Injunction.

### C.  Local Defense Counsel Has Only Recently Been Retained.

Defendant was not served with the Complaint or Motion for Preliminary Injunction until June 26, 2008. (Wilson Decl., ¶ 3). Lead defense counsel are located in Cincinnati, Ohio (where Defendant is located) and are not admitted to practice before this Court. Accordingly, it was necessary to retain local defense counsel to assist with the defense of this matter. The undersigned counsel, who are admitted to practice before this Court, were recently retained on July 11, 2008. Because defense counsel has been diligently preparing its motion to dismiss and/or transfer, additional time is necessary to prepare and file its Opposition to the Motion for Preliminary Injunction. (Wilson Decl., ¶¶ 5-6).

Indeed, the need for additional time is directly related to Plaintiff's tactical decision to withhold service of the Complaint. If Plaintiff had served the Complaint promptly after filing it on June 4, 2008 – or even informed Defendant that it had been filed – rather than waiting to serve it until June 26, 2008 just before the July 4th holiday, Defendant would have been able to retain

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD

-7-
DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

local counsel earlier to assist in the defense. Instead, Plaintiff chose to hold the Complaint and deprive Defendant of precious time needed to retain local counsel to assist in the defense.

### D. Additional Time is Necessary Due to Plaintiff's Recent Submission of Additional Declarations.

Defendant only recently received additional declarations submitted by Plaintiff in support of its Motion for Preliminary Injunction. One of these declarations – the Declaration of Kerry Stone – was signed on June 28, 2008 (four days after Plaintiff had filed its Motion for Preliminary Injunction), but not served on Defendant until July 9, 2008. This once again evidences Plaintiff's gamesmanship and use of delay to obtain an advantage against its competitor. Moreover, an additional declaration was submitted by Rodney Okamoto. (Wilson Decl., ¶ 4). Defendant therefore needs additional time to respond and rebut the declarations and evidence that were only recently submitted by Plaintiff.

Accordingly, there is ample good cause for the requested continuance of the preliminary injunction hearing date.

### III. CONCLUSION

Based on the foregoing arguments, Defendant requests that this Court issue an order to continue the hearing date on Plaintiff's Motion for Preliminary Injunction to a date following the Court's ruling on Defendant's motion to dismiss and/or transfer, with a corresponding extension for Defendant's Opposition and any Reply based on the new hearing date to the extent necessary.

Dated: July 15, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:   /s/ Charlene J. Wilson
AMY WINTERSHEIMER FINDLEY
MICHAEL R. ADELE
CHARLENE J. WILSON
Attorneys for Defendant
BIORX, LLC

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701013.04/SD

-8-
DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF HEARING
DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION