AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
MICHAEL R. ADELE (BAR NO. 138339)
CHARLENE J. WILSON (BAR NO. 222497)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: awintersheimer@allenmatkins.com
madele@allenmatkins.com
cwilson@allenmatkins.com

Attorneys for Defendant
BIORX, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NUTRISHARE, INC., a California corporation,

Plaintiff,

v.

BIORX, LLC, an Ohio Limited Liability Company,

Defendant.

Case No. 2:08-cv-01252-WBS-EFB

Complaint filed June 4, 2008

**DECLARATION OF CHARLENE J. WILSON IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION FOR CONTINUANCE OF HEARING DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, Charlene J. Wilson, declare:

1. I am an attorney admitted to practice before the above-captioned court, and I am an associate with the firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, attorneys for Defendant BioRx, LLC ("Defendant" or "BioRx") in the above-captioned action. I am one of the attorneys responsible for handling this matter on behalf of Defendant. The following facts are within my own personal knowledge and, if called upon to do so, I could and would competently testify personally thereto under oath.

2. Plaintiff Nutrishare, Inc. ("Plaintiff" or "Nutrishare") filed the Complaint in this matter on June 4, 2008. Thereafter, on June 24, 2008, Plaintiff filed a Motion for Preliminary Injunction, which is currently scheduled for hearing on August 4, 2008 at 2:00 p.m.

3. Defendant was served with a copy of the Complaint, Motion for Preliminary Injunction and declarations in support of the Motion for Preliminary Injunction on June 26, 2008.

4. On July 9, 2008, Defendant was served with Plaintiff's Request to File Newly Evidence in Support of Motion for Preliminary Injunction. Attached to Plaintiff's Request were a Declaration of Kerry Stone dated June 28, 2008, and a Supplemental Declaration of Rodney Okamoto, dated July 8, 2008.

5. Lead defense counsel in this matter (the law firm of Keating, Muething & Klekamp, PLL) is located in Cincinnati, Ohio, where Defendant is located. Because lead defense counsel were not admitted to practice before the Eastern District of California, it was necessary to retain local counsel. The law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP was retained as local counsel on July 11, 2008.

6. Defense counsel is in the process of finalizing, and will file on or before July 16, 2008, a motion to dismiss and/or transfer on the basis of lack of personal jurisdiction and improper venue, which will be noticed for hearing on August 18, 2008.

7. Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction is currently due on or before July 21, 2008 and is scheduled for hearing on August 4, 2008, prior to the hearing on Defendant's motion to dismiss and/or transfer.

8. In light of the recent retention of local defense counsel and the anticipated filing of a motion to dismiss and/or transfer, I contacted Plaintiff's counsel, Michael Thomas, on the morning of July 14, 2008. Mr. Thomas' secretary informed me that he was not in the office. I left a voicemail for Mr. Thomas informing him of our firm's recent retention in this matter and that we would be filing a motion to dismiss and/or transfer this matter for lack of personal jurisdiction and improper venue. In my voicemail, I also requested that Plaintiff stipulate to continue the hearing on Plaintiff's Motion for Preliminary Injunction until after the Court's ruling on Defendant's motion to dismiss and/or transfer. I sent a letter by facsimile and e-mail to Mr. Thomas on the afternoon of July 14, 2008 confirming our retention and request for stipulation and advising him that, in the event Plaintiff did not agree to a stipulation, Defendant would be filing an *ex parte*

application with the Court. A true and correct copy of my July 14, 2008 letter to Mr. Thomas is attached hereto as Exhibit A.

9. On July 15, 2008 at approximately 11:45 a.m., I again attempted to reach Mr. Thomas by telephone but was informed that he was out of the office and would be returning after lunch. I left a voicemail requesting that he contact me to advise whether Plaintiff would be agreeable to a stipulation to continue the hearing date on Plaintiff's Motion for Preliminary Injunction.

10. At approximately 2:00 p.m., I contacted by telephone and spoke with Aparna Rajagopal-Durbin, additional counsel for Plaintiff, who informed me that Plaintiff would not stipulate to a continuance of the preliminary injunction hearing and would oppose an *ex parte* application. Shortly thereafter, I received a letter from Mr. Thomas confirming Plaintiff's refusal to stipulate to the requested continuance and intent to oppose Defendant's *ex parte* application. A true and correct copy of the July 15, 2008 letter from Mr. Thomas to me is attached hereto as Exhibit B.

11. No prior continuances or extensions have been requested in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 15, 2008 at San Diego, California.

/s/ Charlene J. Wilson
CHARLENE J. WILSON

Allen Matkins

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
501 West Broadway, 15th Floor | San Diego, CA 92101-3541
Telephone: 619.233.1155 | Facsimile: 619.233.1158
www.allenmatkins.com

**Charlene J. Wilson**
E-mail: cwilson@allenmatkins.com
Direct Dial: 619.235.1577 File Number: 88888-189/SD701011.01

**Via Facsimile/Email**

July 14, 2008

Michael J. Thomas, Esq.
Downey Brand LLP
555 Capitol Mall, 10th Floor
Sacramento, CA 95814-4686

**Re:** ***Nutrishare, Inc. v. BioRx, LLC***
**USDC, Eastern District, Case No. 2:08-cv-01252-WBS-EFB**

Dear Mr. Thomas:

This letter is in follow-up to my voicemail earlier this morning. Your secretary informed me you were out of the office and suggested that I contact you by e-mail.

Our firm has just been retained by BioRx with respect to the lawsuit filed by your client, Nutrishare, in the Eastern District of California. We are in receipt of the Complaint and Motion for Preliminary Injunction, which is scheduled for hearing on August 4, 2008. We will be filing a motion to dismiss and/or transfer on the basis of lack of jurisdiction and/or improper venue, which will be scheduled for hearing on August 18, 2008 at 2:00 p.m.

Given our recent retention in this matter, our intent to file a motion to dismiss/transfer, and the submission of additional declarations by Nutrishare on Friday in support of the preliminary injunction motion, we would request a stipulation to continue the hearing on the motion for preliminary injunction until after the court rules on our motion to dismiss/transfer. Please advise whether you are agreeable to this stipulation. If we do not receive a response by 5:00 p.m. tomorrow (July 15, 2008), we will proceed with filing the necessary ex parte application with the court.

Finally, please advise whether you will agree to fax service in this matter.

Very truly yours,

Charlene J. Wilson

CJW:slp
cc: Amy Wintersheimer Findley, Esq.



EXHIBIT "A"

DOWNEY | BRAND
ATTORNEYS LLP

555 Capitol Mall, 10th Floor
Sacramento, CA 95814

P: 916/444-1000
F: 916/444-2100
downeybrand.com

Michael J. Thomas
mthomas@downeybrand.com

July 15, 2008

**VIA E-MAIL AND U.S. MAIL**

Charlene J. Wilson
Allen Matkins Leck Gamble
Mallory & Natsis LLP
501 West Broadway, 15th Floor
San Diego, CA 92101-3541

Re: Trademark Infringement of Nutrishare®

Dear Ms. Wilson:

We are in receipt of your letter of yesterday.

Per your conversation of this afternoon with my colleague, Aparna Rajagopal-Durbin, we cannot agree to stipulate to a continuance of the August 4 hearing date on our motion for a preliminary injunction until after the Court hears the motion you plan on filing in response to Nutrishare's Complaint. Your request is inappropriate in light of the fact that Nutrishare is continuing to suffer irreparable harm as a result of BioRx's infringement. Consequently, any delay in resolving Nutrishare's motion will only result in further irreparable harm to Nutrishare.

Furthermore, your request is vague in that you have not stated exactly what type of relief you will be seeking from the Court. You state that you plan on filing a "motion to dismiss and/or transfer due to lack of jurisdiction and/or improper venue." This covers any of a number of possible motions under Federal Rule of Civil Procedure 12. Nor do you articulate the basis of the motion you plan to file. We cannot accommodate any request that the Court prioritize hearing a motion of such an ambiguous nature.

We also do not believe that our filing of supplemental materials last week will persuade the Court to postpone the hearing date on our motion. Instead of filing these declarations with our reply brief, we filed them as soon as practicably possible after we became aware of the new information so that you would have ample time to address them in your opposition. Furthermore, because you state that you were only recently retained by BioRx, even if we had filed these declarations at an earlier date, you would not have become aware of them until recently. Thus, when we filed these declarations is of no consequence.

For these reasons, we will oppose any *Ex Parte* motion you file seeking to continue the April 4 hearing date.

Finally, we do not understand your request regarding fax service in this matter. As I am sure you are aware, under Civil Local Rule 5-135(a), we have consented to electronic service of all filings in this case through the District Court's e-filing system. With respect to other documents that require service, such as discovery, we prefer service by U.S. Mail. You are, of course, welcome to send courtesy copies via facsimile or e-mail.

Very truly yours,

DOWNEY BRAND LLP

Michael J. Thomas
939665.1



EXHIBIT "B"