1  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   MICHAEL R. ADELE (BAR NO. 138339)
2  CHARLENE J. WILSON (BAR NO. 222497)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   501 West Broadway, 15th Floor
4  San Diego, California 92101-3541
   Phone: (619) 233-1155
5  Fax: (619) 233-1158
   E-Mail:  awintersheimer@allenmatkins.com
6           madele@allenmatkins.com
            cwilson@allenmatkins.com
7
   Attorneys for Defendant
8  BIORX, LLC

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12 | NUTRISHARE, INC., a California corporation, | Case No. 2:08-cv-01252-WBS-EFB
13 | Plaintiff, | Complaint filed June 4, 2008
14 | v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO FRCP RULE 12(b)(2) AND (3)**
15 | BIORX, LLC, an Ohio Limited Liability Company, |
16 | Defendant. | DATE:  August 18, 2008
17 |  | TIME:  2:00 p.m.
   |  | DEPT:  Courtroom 5
18 |  | JUDGE: Hon. William B. Shubb

19

20       PLEASE TAKE NOTICE that on August 18, 2008, at 2:00 p.m., or as soon thereafter as

21 the matter may be heard in Courtroom 5 of the above-entitled court, located at 501 I Street,

22 Sacramento, CA 95814, Defendant BioRx, LLC ("BioRx") will and hereby does move to dismiss

23 the Complaint filed by Plaintiff Nutrishare, Inc. ("Plaintiff") for: (1) lack of personal jurisdiction

24 pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(2); and (2) improper venue

25 pursuant to FRCP Rule 12(b)(3). Alternatively, BioRx requests that the action be transferred to an

26 appropriate venue.

27       Specifically, BioRx moves to dismiss for lack of personal jurisdiction pursuant to Rule

28 12(b)(2) on the grounds that BioRx does not reside, do business or otherwise pay taxes in

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701168.01/SD

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS OR TRANSFER VENUE

California. It has no agent for service of process in California. BioRx does not have the "minimum contacts" with California required by the Due Process Clause of the United States Constitution in order to invoke jurisdiction.

Further, BioRx moves to dismiss or to transfer this action for improper venue pursuant to Rule 12(b)(3) on the grounds that BioRx has no contacts whatsoever with the present venue. Venue is proper only in a district in which BioRx's contacts would subject BioRx to personal jurisdiction.

The Motion to Dismiss is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Philip C. Rielly and all exhibits attached thereto, the complete papers, files, pleadings and records on file herein, as well as upon such further oral and documentary evidence as may be presented at the hearing on the Motion.

Dated: July 16, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Amy Wintersheimer Findley
AMY WINTERSHEIMER FINDLEY
MICHAEL R. ADELE
CHARLENE J. WILSON
Attorneys for Defendant
BIORx, LLC

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701168.01/SD

-2-
DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS OR TRANSFER VENUE


# CERTIFICATE OF SERVICE BY ECF AND/OR MAIL

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101.

On **July 16, 2008**, I electronically filed:

- DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO FRCP RULE 12(b)(2) AND (3)

- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO FRCP RULE 12(b)(2) AND (3)

- DECLARATION OF PHILIP C. RIELLY

Said document(s) is/are available for viewing and downloading from the Court's ECF System and said document(s) was/were served upon all interested parties listed below in the manner indicated.

Michael John Thomas, Esq.
Aparna Rajagopal-Durbin, Esq.
DOWNEY BRAND LLP
555 Capitol Mall, 10th Floor
Sacramento, CA 95814-4686

**Via CM/ECF System and U.S. Mail, First Class Postage Prepaid**

Attorneys for Plaintiff
NUTRISHARE, INC.

Telephone: (916) 444-1000
Facsimile: (916) 444-2100

I declare under penalty of perjury under the laws of the State of California that I am employed by a member of the bar of this Court and that the foregoing is true and correct.

Executed on **July 16, 2008**, at San Diego, California.

Susan L. Pierson
(Type or print name)

_(Signature)_

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701168.01/SD

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS OR TRANSFER VENUE

AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
MICHAEL R. ADELE (BAR NO. 138339)
CHARLENE J. WILSON (BAR NO. 222497)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail:   awintersheimer@allenmatkins.com
          madele@allenmatkins.com
          cwilson@allenmatkins.com

Attorneys for Defendant
BIORX, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRISHARE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BIORX, LLC, an Ohio Limited Liability Company,<br><br>    Defendant. | Case No. 2:08-cv-01252-WBS-EFB<br><br>Complaint filed June 4, 2008<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO FRCP RULE 12(b)(2) AND (3)**<br><br>DATE:    August 18, 2008<br>TIME:    2:00 p.m.<br>DEPT:    Courtroom 5<br>JUDGE:   Hon. William B. Shubb |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701169.01/SD

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS OR TRANSFER VENUE

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| | A. Allegations of the Complaint | 1 |
| | B. Facts Regarding BioRx's Contacts With California | 2 |
| III. | THE COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER BIORX | 2 |
| | A. Plaintiff Bears The Burden Of Proving That BioRx Is Subject To The Personal Jurisdiction of a California Court | 3 |
| | B. This Court Does Not Have Personal Jurisdiction Over BioRx Because BioRx Does Not Have Sufficient Contacts With California | 3 |
| IV. | THE COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(3) BECAUSE THIS DISTRICT IS AN IMPROPER VENUE FOR THESE CLAIMS | 5 |
| V. | CONCLUSION | 6 |

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Cybersell, Inc. v. Cybersell, Inc.*,
　130 F.3d 414 (9th Cir. 1997)..................................................................................4

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*,
　907 F.2d 911 (9th Cir. 1990)....................................................................................4

*Fields v. Sedwick Associated Risks, Ltd.*,
　796 F.2d 299 (9th Cir. 1986)....................................................................................4

*Flynt Distributing Company, Inc. v. Harvey*,
　734 F.2d 1389 (9th Cir. 1984)..................................................................................3

*Helicopteros Nacionales de Columbia v. Hall*,
　466 U.S. 408 (1984)............................................................................................3, 4

*International Shoe v. Washington*,
　326 U.S. 310 (1945)............................................................................................2, 3

*Omni Capital International, Ltd. v. Rudolf Wolff and Company*,
　484 U.S. 97 (1987)..................................................................................................3

*Pebble Beach, Co. v. Caddy*,
　453 F.3d 1151 (9th Cir. 2006)..................................................................................4

*Pennsylvania Health & Life Insurance Guaranty Association v. Superior Court*,
　22 Cal.App.4th 477 (1994)......................................................................................3

*Peterson v. Kennedy*,
　771 F.2d 1224 (9th Cir. 1985)..................................................................................3

**Statutes**

28 U.S.C. 1391(b) ..........................................................................................................5

Cal. Civ. Proc. Code § 410.10 ......................................................................................3

**Rules**

FRCP 12(b)(2)................................................................................................................1

FRCP 12(b)(3)............................................................................................................1, 5

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701169.01/SD

(ii)
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS OR TRANSFER VENUE

## I. INTRODUCTION

BioRx, LLC ("BioRx") moves to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure ("FRCP") on two grounds:

(1) The action should be dismissed pursuant to FRCP 12(b)(2) because this Court lacks personal jurisdiction over BioRx. BioRx does not reside or pay taxes in California. It has no offices or employees in the state, it does not own property in the state, it has no agent for service of process in the state, and it does not do business there. BioRx does not have the "minimum contacts" with the State of California required by the Due Process Clause of the United States Constitution; and

(2) Alternatively, this action should be dismissed or, at the Court's option, transferred to an appropriate venue pursuant to FRCP 12(b)(3). Venue in the Eastern District of California is improper. BioRx has no contacts in this district and Plaintiff has suffered no injury in this district. This district, along with the State of California, does not have personal jurisdiction over BioRx.

In fact, the only connection that this case has with California and the Eastern District is that Plaintiff happens to be located there. Obviously, that is why Plaintiff filed the action there. However, jurisdiction is lacking and venue is improper. For these reasons, BioRx respectfully requests that the Court dismiss this action.

## II. STATEMENT OF FACTS

### A. Allegations of the Complaint.

Plaintiff filed its Complaint for trademark infringement and unfair competition (the "Complaint") on June 4, 2008. The Complaint alleges that BioRx's use of the "NutriThrive" brand name infringes Plaintiff's registered and common law trademark rights and is an act of unfair competition under federal and California law. Complaint ¶¶ 20-58. The Complaint alleges that as a result of BioRx's actions, Plaintiff suffered injury in Plaintiff's location of the Eastern District of California, where the Complaint has been filed. Plaintiff waited to serve the Summons and Complaint until June 26, 2008.

/ / / / /

/ / / / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701169.01/SD

-1-

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS OR TRANSFER VENUE

### B. Facts Regarding BioRx's Contacts With California.

As Plaintiff recognizes in its Complaint, BioRx is an Ohio limited liability company, with its principal place of business in Ohio. Declaration of Philip C. Rielly In Support of Defendant BioRx, LLC's Motion to Dismiss ("Rielly Dec."), ¶ 2; Complaint ¶ 2. BioRx has no offices in the state of California, nor does it have an agent for service of process in California. Rielly Dec. ¶ 2. BioRx has never sought to obtain clients or business directly from the state of California. *Id.* BioRx owns no real property or personal property located in California. *Id.*

BioRx offers four products, only one of which, Total Parenteral Nutrition ("TPN"), is competitive with Plaintiff's products. Rielly Dec. ¶¶ 4,6. By Plaintiff's own admission, BioRx's sale of TPN products under the "NutriThrive" name is the sole basis of the alleged injury suffered by Plaintiff. See Complaint ¶¶ 1-2. BioRx passively offers its products via a website, and two customers in Southern California, neither of which is located in the Eastern District of California, have ordered products from BioRx. Rielly Dec. ¶ 13. These two customers utilize products that are not competitive with the TPN products offered by Plaintiff. Rielly Dec. ¶ 12. Additionally, BioRx attends a yearly Oley Foundation trade show which by happenstance, in 2008, was held in San Diego, after the Complaint was filed in this action. Rielly Dec. ¶ 16. This trade show is held in various cities throughout the country, and in 2007 was held in Cape Cod, Massachusetts. Rielly Dec. ¶ 8. Other than the foregoing two customers, BioRx has no other customers in California, and none that have purchased TPN products. See Rielly Dec. ¶¶ 12-13.

### III. THE COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER BIORX

Plaintiff's attempt to drag BioRx into a California court offends the "traditional notions of fair play and substantial justice" required by the Due Process Clause. *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). Up to and including the time that the Complaint was filed, BioRx had not done any business in California relevant to the allegations of the Complaint. Since BioRx has no contacts with this State relevant to Plaintiff's action, this Court lacks personal jurisdiction over BioRx, and the Complaint against it must be dismissed.

/ / / / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701169.01/SD

-2-
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS OR TRANSFER VENUE

### A. Plaintiff Bears The Burden Of Proving That BioRx Is Subject To The Personal Jurisdiction of a California Court.

The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. *Flynt Distributing Company, Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). A party opposing a non-resident defendant's challenge to personal jurisdiction bears the burden of establishing by a preponderance of the evidence that jurisdiction is proper. *Pennsylvania Health & Life Insurance Guaranty Association v. Superior Court*, 22 Cal.App.4th 477, 480 (1994). Plaintiff cannot meet this burden.

### B. This Court Does Not Have Personal Jurisdiction Over BioRx Because BioRx Does Not Have Sufficient Contacts With California.

California's "long arm" statute provides that courts can exercise jurisdiction over parties "on any basis not inconsistent with the Constitution of this state or the United States." Cal. Civ. Proc. Code § 410.10. Federal courts have no broader power over persons outside the state in which they sit than do the local state courts. *Omni Capital International, Ltd. v. Rudolf Wolff and Company*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 409-410 (1987). Thus, this Court can exercise jurisdiction over BioRx, a nonresident limited liability company, only to the extent permitted by the United States Constitution and, in particular, the Due Process Clause of the Fourteenth Amendment.

Due process requires that, in order for this Court to have jurisdiction over BioRx, Plaintiff must show that BioRx has "certain minimum contacts with [California] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe, supra*, 326 U.S. at 316. BioRx has no such "minimum contacts." BioRx has never done business in California relevant to the allegations of the Complaint, and has had virtually no contact with the state whatsoever.

General personal jurisdiction enables a court to hear cases unrelated to the defendant's forum activities. It exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872 (1984); *Peterson v. Kennedy*, 771 F.2d 1224, 1261 (9th Cir. 1985). This is,

as recognized by the Ninth Circuit, "a fairly high standard in practice." *Fields v. Sedwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). The Rielly Declaration unequivocally establishes that BioRx does not have any significant contacts, much less continuous and systematic contacts, with the State of California.

Specific personal jurisdiction also requires minimum contacts with the forum state. In addition, specific jurisdiction requires that the plaintiff's cause of action itself arise out of the defendant's contacts with the forum state. *Helicopteros*, *supra*, 466 U.S. at 414. In this case, specific jurisdiction over BioRx can only be found if Plaintiff's claims against BioRx for trademark infringement and unfair competition arise out of BioRx's contacts with California. But BioRx has never sold any TPN product or service in California, nor has it sold any product competitive with Plaintiff's products and services. Additionally, at the time of the complaint filing, BioRx had never sought directly to obtain clients or business from the State of California.

Maintaining a website that may be accessed from California is not sufficient to create jurisdiction. The Ninth Circuit has held that infringement in connection with the domain name of a passive website does not itself subject the defendant to personal jurisdiction in the plaintiff's forum state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997). Rather, there must be "something more to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Id.* at 418; *see also Pebble Beach, Co. v. Caddy*, 453 F.3d 1151, 1155-56 (9th Cir. 2006) (court found that even though the defendant had a website that could be accessed in California, there was no evidence that the defendant advertised or distributed information in California, and thus there was no purposeful availment of the forum state).

Moreover, BioRx's attendance at the Oley Foundation trade show in San Diego occurred subsequent to the filing of Plaintiff's Complaint, and this one appearance in the State of California clearly does not equate with purposeful availment of the forum. The Ninth Circuit has held that in analyzing purposeful availment of a forum for purposes of determining specific jurisdiction, "[o]nly contacts occurring prior to the event causing the litigation may be considered." *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990). BioRx simply

has not had the requisite "minimum contacts" with California required for specific jurisdiction, much less the substantial, continuous and/or systematic contacts required for general jurisdiction.

## IV. THE COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(3) BECAUSE THIS DISTRICT IS AN IMPROPER VENUE FOR THESE CLAIMS

In the Complaint, Plaintiff states that "[v]enue is proper in this court pursuant to 28 U.S.C. 1391(b)." Complaint ¶ 6. 28 U.S.C. § 1391(b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

BioRx, the only defendant in this action, does not reside in California, but rather in Ohio. Rielly Dec. ¶ 2. As set forth in Section III hereof, since BioRx has sold no TPN products or services in California, Plaintiff has suffered no harm in any district in California. BioRx has no customers in the Eastern District of California and has never sold any product in this district. BioRx's lack of contacts with California means that it is not subject to general jurisdiction in California, nor is it subject to specific jurisdiction in any district in California with regard to the allegations of the Complaint. It follows that venue is not proper where the defendant is not subject to the personal jurisdiction of that district, and here, BioRx lacks the necessary contacts with the Eastern District of California to make jurisdiction, and therefore venue, proper in this district. Accordingly, the Complaint must be dismissed on the grounds of improper venue pursuant to FRCP 12(b)(3).

In the event, however, that the Court were to determine that jurisdiction is proper in California, then this action would have to be transferred to the Southern District of California. That is the district that encompasses all of BioRx's limited contacts with California, to the extent that it has any.

/ / / / /

## V. CONCLUSION

For the reasons stated herein, BioRx respectfully requests that this matter be dismissed or transferred.

Dated: July 16, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:    /s/ Amy Wintersheimer Findley
AMY WINTERSHEIMER FINDLEY
MICHAEL R. ADELE
CHARLENE J. WILSON
Attorneys for Defendant
BIORX, LLC

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701169.01/SD

-6-
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS OR TRANSFER VENUE

1  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   MICHAEL R. ADELE (BAR NO. 138339)
2  CHARLENE J. WILSON (BAR NO. 222497)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   501 West Broadway, 15th Floor
4  San Diego, California 92101-3541
   Phone: (619) 233-1155
5  Fax: (619) 233-1158
   E-Mail:  awintersheimer@allenmatkins.com
6           madele@allenmatkins.com
            cwilson@allenmatkins.com
7
   Attorneys for Defendant
8  BIORx, LLC

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

| 12 | NUTRISHARE, INC., a California corporation, | Case No. 2:08-cv-01252-WBS-EFB |
|---|---|---|
| 13 | Plaintiff, | Complaint filed June 4, 2008 |
| 14 | v. | **DECLARATION OF PHILLIP C. RIELLY** |
| 15 | BIORx, LLC, an Ohio Limited Liability Company, | DATE:  August 18, 2008<br>TIME:  2:00 P.M. |
| 16 | | DEPT:  Courtroom 5 |
| 17 | Defendant. | JUDGE: Hon. William B. Shubb |

18        I, Phillip C. Rielly, hereby declare:

19        1.    I am the President of BioRx, LLC ("BioRx"), the defendant in the above-referenced

20 matter. The following facts are within my own personal knowledge and, if called upon to do so, I

21 could and would competently testify personally thereto under oath.

22        2.    BioRx is a limited liability company formed under the laws of Ohio in January,

23 2004. BioRx has its principal offices and a distribution center located in Cincinnati, Ohio. BioRx

24 also has an administrative office in High Point, North Carolina; a satellite pharmacy in Urbandale,

25 Iowa; a billing office in Pittsburgh, Pennsylvania, and dispensing offices in several other states.

26 BioRx does not have any offices or employees located in the state of California. It is not qualified

27 to do business in California, it does not transact business in California and it owns no real estate or

28 personal property there.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

701105.01/SD                   DECLARATION OF PHILLIP C. RIELLY

3. BioRx is a national provider and distributor of specialty pharmaceuticals, related supplies, and clinical and reimbursement support services. Currently BioRx has four product offerings: 1) in-home hemophilia care, or the provision of hemophilia clotting factors and highly customized support services, 2) in-home Immunoglobulin G (IgG) infusion; 3) in-office infusion suite management services, primarily targeted at neurology and immunology practices, and 4) parenteral and enteral nutrition therapies.

4. This last product offering – parenteral and enteral nutrition therapies – provides services to patients that have clinical nutritional deficiencies that require the infusion of nutritional formulas that bypass the normal processes of eating and digestion. BioRx calls this product offering "NutriThrive."

5. NutriThrive includes both in-home Total Parenteral Nutrition (TPN), which consists of feeding the patient intravenously, and Enteral Nutrition, which involves the use of feeding tubes, as well as other support medications and supplies.

6. Nutrishare, the Plaintiff in this action, provides only Total Parenteral Nutrition (TPN) and adjunctive therapies. It does not provide the other products and services that NutriThrive provides, such as Enteral Nutrition, and it provides none of the other unrelated products and services that BioRx provides. Thus, BioRx and Nutrishare are competitors only to the extent that they both provide TPN services.

7. The Oley Foundation is a national non-profit organization that supports patients having the clinical deficiencies that require the services that NutriThrive provides. The Oley Foundation sponsors a national conference for consumers and providers every summer.

8. The 2007 Oley Conference was held in June, 2007 in Cape Cod, Massachusetts. BioRx and Nutrishare, among many others, attended this conference. At the June, 2007 Oley Conference, BioRx announced to Nutrishare and to the world that it was establishing NutriThrive and that it would provide the TPN and enteral services described above.

/ / / / /

/ / / / /

/ / / / /

9. At paragraph 13 of his Declaration dated June 24, 2008, Rodney Okamoto, the President of Nutrishare, acknowledges that he attended the June, 2007 Oley Foundation Conference in Cape Cod and that he learned at that time of BioRx's announcement and its plans to establish a partially competing service known as NutriThrive.

10. BioRx formally introduced NutriThrive into the market place and began providing the services that it provides in July, 2007. As Plaintiff acknowledges in its papers filed in this Court, BioRx has made no secret of NutriThrive and has advertised its products and services in several industry publications for many months.

11. At no time prior to June 4, 2008 did Nutrishare make any request or demand that BioRx cease its use of the NutriThrive name. Nor did it ever complain or suggest to BioRx prior to that time that its use of the NutriThrive name was confusing or likely to cause confusion in the marketplace.

12. As described above, BioRx does not have any direct contacts with the state of California. NutriThrive does, however, have two customers located in California who receive Enteral Nutrition products from BioRx. Again, these products are not in competition with Plaintiff's Nutrishare products, as Nutrishare provides only TPN products and services. These customers have no connection to the claims made in Plaintiff's Complaint.

13. Both of the NutriThrive customers are located in Southern California. One is located in Lake Isabella, California, and the other is located in Corona, California. BioRx delivers product to these customers on a monthly basis by federal express delivery from Cincinnati, Ohio. BioRx obtained these customers as a result of the customers contacting BioRx through its internet website. BioRx does not have any customers located within the counties that I understand to be located within the Eastern District of California, and BioRx does not transact any business in that District.

14. BioRx did sponsor the 2008 Oley Conference in San Diego, California in June, 2008, and one or more of its representatives were in attendance there.

/ / / / /

/ / / / /

15. I have reviewed the Complaint filed by Plaintiff in this matter as well as its motion for preliminary injunction and the supporting declarations filed in support of the motion. The allegations of wrongdoing on the part of BioRx are categorically false and factually incorrect.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of July, 2008, at Cincinnati, OH.

_____
PHILLIP C. RIELLY