```
 1  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
    MICHAEL R. ADELE (BAR NO. 138339)
 2  CHARLENE J. WILSON (BAR NO. 222497)
    ALLEN MATKINS LECK GAMBLE
 3    MALLORY & NATSIS LLP
    501 West Broadway, 15th Floor
 4  San Diego, California 92101-3541
    Phone: (619) 233-1155
 5  Fax:   (619) 233-1158
    E-Mail:  awintersheimer@allenmatkins.com
 6           madele@allenmatkins.com
             cwilson@allenmatkins.com
 7
    Attorneys for Defendant
 8  BIORX, LLC
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| NUTRISHARE, INC., a California corporation, | Case No. 2:08-cv-01252-WBS-EFB |
|---|---|
| Plaintiff, | Complaint filed June 4, 2008 |
| v. | **DEFENDANT BIORX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |
| BIORX, LLC, an Ohio Limited Liability Company, | |
| Defendant. | DATE: August 18, 2008<br>TIME: 2:00 p.m.<br>CRTM: 5 |

Defendant BioRx, LLC ("BioRx") hereby submits the following evidentiary objections to the evidence cited below and filed by Plaintiff Nutrishare, Inc. ("Plaintiff") in support of its Motion for Preliminary Injunction. BioRx hereby requests and moves that the Court sustain its objections and strike the evidence on the grounds set forth below:

## I. DECLARATION OF REID A. NISHIKAWA

### Objection #1:

Testimony: P. 1, lines 26-28, "several physicians, with whom Nutrishare has a professional relationship involving patients, have become confused about the connection between Nutrishare and NutriThrive."

/ / / / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

702146.01/SD

OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

1  Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #2:**

Testimony: P. 2, lines 1-5, "At the 2007 annual meeting of the meeting . . . Samuel Kocoshis, MD . . . informed me that when he heard about NutriThrive, he initially believed that NutriThrive was somehow related to Nutrishare . . ."

Ground(s) for objection: FRE 802, hearsay.

**Objection #3:**

Testimony: P. 2, lines 6-8, "On or about February, 2008, Leo Rodriguez . . . informed me that he had been contacted by NutriThrive representative to arrange a meeting."

Ground(s) for objection: FRE 802, hearsay.

**Objection #4:**

Testimony: P. 2, lines 8, "He agreed to meet with them . . ."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 802, hearsay.

**Objection #5:**

Testimony: P. 2, lines 11-14, "On or about February, 2008, Alex Flores, MD, from Tufts Medical Center Floating Hospital in Boston, informed me that NutriThrive had contacted him and that he, as well as his colleagues, were getting confused about the relationship between NutriThrive and Nutrishare."

Ground(s) for objection: FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #6:**

Testimony: P. 2, lines 14, 26-28, "Even after he met with NutriThrive representative(sic) . . . ."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 802, hearsay.

/ / / / /

/ / / / /

/ / / / /

## II. DECLARATION OF ANITA WALLIN

**Objection #7:**

Testimony: P. 2, lines 6-7, "The second time I spoke with the discharge planner she mentioned that she was working on getting this patient set up with NutriThrive."

Ground(s) for objection: FRE 802, hearsay.

**Objection #8:**

Testimony: P. 2, line 8, "At first I thought she had misspoken, but she repeated it."

Ground(s) for objection: FRE 802, hearsay.

**Objection #9:**

Testimony: P. 2, lines 8-9, "I then had to correct her that it was Nutrishare, not NutriThrive, that we wanted for the patient's TPN."

Ground(s) for objection: FRE 701, Improper opinion testimony of a lay witness.

## III. DECLARATION OF RODNEY OKAMOTO

**Objection #10:**

Testimony: P. 4, lines 4-8, "We now have a reputation in the industry and amongst the clinical leaders in the field of Home TPN as the "superior Home TPN pharmacy service" in the country, which can be verified by; physicians, nurses and dietitians who work for competitors as well as clinicians who are routinely "teaching faculty" at the ASPEN, ESPEN, and the AGA (American Gastroenterology Association)."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #11:**

Testimony: P. 4, lines 13-15, "Consumer surveys tablulated in articles published by Nutrishare illustrate that Nutrishare's consumers experience fewer central catheter complications than customers of other pharmacy services."

Ground(s) for objection: FRE 602, lack of personal knowledge re the experience of Nutrishare's consumers; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

/ / / / /

**Objection #12:**

Testimony: P. 4, lines 16-19, "The Oley Foundation also conducted Home TPN satisfaction surveys in 1994 and 1995, which demonstrated that Nutrishare's customers, as compared to other customers of other providers, were significantly more satisfied with their Home TPH pharmacy service."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #13:**

Testimony: P. 6, lines 3-5, "Nutrishare . . . is held in high esteem amongst Home TPN consumers as well as clinicians throughout the country."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #14:**

Testimony: P. 6, lines 17-18, "The exact cost of this time and effort may potentially amount to millions of dollars . . ."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

**Objection #15:**

Testimony: P. 6, lines 20-21, "the 'Nutrishare' mark has developed distinctive meaning to consumers."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #16:**

Testimony: P. 6, lines 21-24, "By virtue of Nutrishare's advertising and sales, together with customer acceptance and recognition, the 'Nutrishare' mark identifies Nutrishare's products and services, only, and distinguishes them from products and services provided by others."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

702146.01/SD

-4-

OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

**Objection #17:**

Testimony: P. 6, lines 24-25, "The 'Nutrishare' mark has thus become and is a valuable asset symbolizing Nutrishare, its quality products and services, and its goodwill."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

**Objection #17:**

Testimony: P. 7, lines 2-8, "BioRx's webs-site, www.BioRx.net, states that BioRx is a national provider and distributor of certain specialty pharmaceuticals, related supplies, as well as clinical and reimbursement support services, and provides: (1) in-home hemophilia care; (2) in-home Immunoglobulin G services; (3) in-office enteral and parental (sic) nutrition; and (4) in-home enteral and parenteral nutrition."

Ground(s) for objection: FRE 802, hearsay.

**Objection #17:**

Testimony: P. 13, lines 10-16, "At last year's Oley Foundation Conference in June, 2007, BioRx made its debut. A representative of BioRx announced that BioRx was establishing a new division called 'NutriThrive' to provide in-home enteral nutrition and in-Home TPN products and services. The representative indicated that NutriThrive was in the nascent stages of its existence, had not yet established a web-site, and did not yet have a single customer. In conjunction with NutriThrive's announcement, BioRx (using the NutriThrive name) sponsored the Oley Foundation at the donor level immediately below the Platinum level."

Ground(s) for objection: FRE 602, lack of personal knowledge (witness did not testify that he attended the conference and heard the statements); FRE 802, hearsay (because of the lack of personal knowledge/foundation, the witness may be basing his testimony on what was told to him by others, which would be hearsay, as opposed to statements he personally heard made by a party).

**Objection #18:**

Testimony: P. 7, lines 27-28, "NutriThrive's advertisements adopt substantially *verbatim* the language in Nutrishare's advertisements."

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

702146.01/SD

-5-

OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

Ground(s) for objection: FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #19:**

Testimony: P. 8, line 12, "NutriThrive's web-site functions almost identically to Nutrishare's web-site."

Ground(s) for objection: FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #20:**

Testimony: P. 8, lines 16-17, "The only functional difference appears to be that NutriThrive does not have links to newsletters, and its on-line educational services are still under construction."

Ground(s) for objection: FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #21:**

Testimony: P. 8, lines 20-21, "Within the past six months, NutriThrive has begun encroaching on Nutrishare's sales territory, and actually has solicited Nutrishare's customers."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 802, hearsay.

**Objection #22:**

Testimony: P. 8, lines 22-23, "medical professionals actually became confused about the relationship between the two companies."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #23:**

Testimony: P. 8, lines 24-27, "a pharmacist named Tim from Sullivan's Pharmacy in Boston . . . indicated that the names 'Nutrishare' and 'NutriThrive' could cause confusion among his pharmacists . . ."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #24:**

Testimony: P. 9, lines 7-8, "We are also concerned about NutriThrive misrepresenting to consumers and to the public that it is accredited by the ACHC."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 802, hearsay.

**Objection #25:**

Testimony: P. 9, lines 8-10, "As part of their start-up mailer package, NutriThrive has sent at least one home TPN consumer (who is located in California) a business cared indicating that NutriThrive is accredited by the ACHC."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 802, hearsay.

**Objection #26:**

Testimony: P. 9, lines 10-11, "Presumably, all of NutriThrive's current and potential customers receive the same start-up package containing the business card."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

**Objection #27:**

Testimony: P. 9, lines 11-13, "NutriThrive has also verbally represented to at least one home TPN consumer and one ACHC board member that it is accredited by the ACHC (and not the JCAHO)."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 802, hearsay.

**Objection #28:**

Testimony: P. 9, lines 13-14, "Although BioRX may be accredited by the ACHC, NutriThrive is not."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 802, hearsay.

**Objection #29:**

Testimony: P. 9, lines 16-19, "NutriThrive does not currently have Board certified nutrition support pharmacists managing the day to day care of its patients and does not have a comparable breadth and years of experience in caring for Home TPN consumers that Nutrishare does; from staffing, to research technology development and education programs."

1  Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

**Objection #30:**

Testimony: P. 9, lines 19-20, "NutriThrive also appears not to currently offer education on the state-of-the-art in Home TPN."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

### IV. SUPPLEMENTAL DECLARATION OF RODNEY OKAMOTO

**Objection #31:**

Testimony: The entirety of the declaration..

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

**Objection #32:**

Testimony: Pp. 1-2, lines 28- 1, "Although Defendant BioRx, LLC is accredited by the ACHC, its in-home TPN division, NutriThrive, is not accredited."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness.

**Objection #33:**

Testimony: P. 2, lines 1-3, "On Wednesday, July 2, 2008, I spoke with Mr. Cesar to discuss my concerns that NutriThrive is misleading the public by saying it is accredited by the ACHC, when it is not accredited . . . ."

Ground(s) for objection: FRE 602, lack of personal knowledge (re "misleading the public" and "when it is not accredited"); FRE 701, Improper opinion testimony of a lay witness (re "misleading the public" and "when it is not accredited").

**Objection #34:**

Testimony: P. 2, lines 3-4, "[Mr. Cesar] . . . assured me that the matter is being investigated by the ACHC."

Ground(s) for objection: FRE 802, hearsay.

**Objection #35:**

Testimony: P. 2, lines 4-7, "Mr. Cesar also told me that, in his opinion as president of the leading organization that licenses in-home healthcare providers, it is dangerous and not in the best interests of the public for BioRx to continue to use the 'NutriThrive' name, given Nutrishare's similar name and nearly identical therapeutic specialty, because it is likely to confuse the public."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

**Objection #36:**

Testimony: P. 2, lines 7-8, "According to Mr. Cesar, the ACHC's Director of Accreditation, Sherry Hedrick, shares this opinion."

Ground(s) for objection: FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay.

Dated: August 4, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:  s/ Amy Wintersheimer Findley
AMY WINTERSHEIMER FINDLEY
MICHAEL R. ADELE
CHARLENE J. WILSON
Attorneys for Defendant
BIORX, LLC

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

702146.01/SD

-9-

OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION