```
DOWNEY BRAND LLP
MICHAEL J. THOMAS (Bar No. 172326)
APARNA RAJAGOPAL-DURBIN (Bar No. 218519)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:    (916) 444-1000
Facsimile:    (916) 444-2100
mthomas@downeybrand.com
adurbin@downeybrand.com

Attorneys for Plaintiff
Nutrishare, Inc.
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nutrishare, Inc., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>BioRx, LLC, an Ohio Limited Liability Company,<br><br>        Defendant. | Case No.  2:08-CV-01252-WBS-EFB<br><br>**RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF ISO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Date:       August 11, 2008<br>Time:      2:00 p.m.<br>Dept:       Courtroom 5<br>Judge:     Hon. William B. Shubb |

**INTRODUCTION**

Defendant BioRx, LLC ("BioRx" or "Defendant") attempts to eviscerate the evidence submitted by Nutrishare, Inc. ("Nutrishare" or "Plaintiff") in support of its Opposition to Defendant's Motion to Dismiss or Transfer Venue by making baseless objections that mischaracterize the limitations of the rules on hearsay.  Nearly all of Defendant's hearsay objections relate to statements made by BioRx or NutriThrive employees.  As such these statements are party admissions, not hearsay.  Fed. R. Evid. 801(d)(2).  Defendant's remaining hearsay objections that do not turn on party admissions either do not meet the definition of hearsay, or are undermined by Defendant's own admissions in papers it submitted in support of its reply brief.

944153.2

1

Defendant's objections which do not turn on hearsay are based on either "lack of foundation," "lack of personal knowledge," or "improper lay witness opinion," but the only reason that the statements cited by Defendant purportedly "lack" the requisite information is because Defendant omitted key information from its written objections. Accordingly, Defendant's objections are without merit and should be overruled entirely.

Finally, because formal discovery has not yet commenced, Nutrishare was only able to investigate facts regarding personal jurisdiction using informal methods such as phone calls, attendance at a conference, perusal of BioRx's web-sites, and keyword searches on www.google.com. Nutrishare has not yet been permitted to conduct any formal discovery. Thus, if the Court sustains any of BioRx's evidentiary objections, Nutrishare requests that the Court at least permit Nutrishare to conduct limited jurisdictional discovery to aid it in obtaining admissible evidence regarding jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977).

I.     **DECLARATION OF RODNEY OKAMOTO**

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 1. Page 2, lines 11-16, "Through an Internet search, we learned that NutriThrive may have at least one customer within the district. Specifically, on the Parent-2-Parent on-line forum ... we found a post by a woman in Redding, California, Jessi who states she is the parent of two boys, Jaxson, and Joshua. In this post, Jessi states, 'I am working with NutriThrive right now.'" | 1. FRE 602, lack of personal knowledge; FRE 104 lack of foundation; FRE 802, hearsay. | 1. Implicit in Mr. Okamoto's declaration is that he participated in the Internet search. Accordingly, he has personal knowledge of what he found and sufficiently laid the proper foundation.<br><br>Defendant's hearsay objection is inconsequential since Defendant admits communicating and doing business with this particular family. *See* Declaration of Deborah Pfister ISO BioRx's Reply to Nutrishare's Opp'n to Motion to Dismiss or Transfer Venue, at ¶ 5. |
| 2. Page 3, lines 18-20, "During the Oley Conference, my colleagues and I met a | 2. FRE 802, hearsay; FRE 602, lack of personal knowledge; FRE 104 lack of | 2. While Mr. Okamoto may not have personal knowledge of whether Ms. Mielke does in |

| | Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|---|
| | woman named Rosemarie Mielke, who informed us that she lives in Lancaster, California and used to be a customer of NutriThrive but switched her TPM provider to Crescent Health." | foundation. | fact live in Lancaster or whether she was a NutriThrive customer, a deposition of Ms. Mielke would confirm this fact. Accordingly, in the event that the Court confirms this fact, Nutrishare requests that the Court at least permit Nutrishare to conduct limited jurisdictional discovery to aid it in obtaining admissible evidence regarding jurisdiction. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d at 1285 n.1. |
| | 3. Page 3, lines 21-28, "Pursuant to the Oley Foundation's rules and policies, Nutrishare, NutriThrive, and the other exhibits were not permitted to solicit new customers outside the two-hour exhibition period that occurred on the Friday and Saturday of the conference.... Kathryn Bundy, approached me and informed me that NutriThrive's representatives were aggressively soliciting her making her feel uncomfortable. NutriThrive's actions were in contravention of the Oley Foundation's rules." | 3. FRE 104, lack of foundation; FRE 602, lack of personal knowledge; FRE 802, hearsay. | 3. At page 1, line 22, Mr. Okamoto explains that he is the President of Nutrishare and at page 2, lines 20 through 23, Mr. Okamoto explains that between June 26 and June 29, 2008, he represented Nutrishare at the Oley Foundation's conference in San Diego ("Oley Conference"). Between his supervisory role at Nutrishare and his personal attendance at the Oley Conference, Mr. Okamoto laid the necessary foundation to establish what the rules and policies were at the Oley Conference. Accordingly, Defendant's foundational and personal knowledge objections are without merit.<br><br>Defendant's hearsay objection is similarly without merit. First, any communications NutriThrive made are party admissions and thus, not hearsay. *See* Fed. R. Evid. 801(d)(2).<br><br>Second, Kathryn Bundy's statements to Mr. Okamoto fall within the present sense impression exception to |

944153.2

3

RESPONSE TO DEF'S OBJ'S TO EVID. SUBMITTED BY PLTF ISO OPP'N TO DEF'S MTD

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | hearsay and are therefore admissible. *See* Fed. R. Evid. 803(1). |
| 4. Page 4, lines 1-3, "In order to further confirm whether BioRx d/b/a NutriThrive was conducting business in California, I and my colleagues called NutriThrive's number and asked if they service TPN patients in California. They answered 'yes.'" | 4. FRE 701, improper opinion testimony of a lay witness; FRE 802, hearsay; FRE 602, lack of personal knowledge; FRE 104 lack of foundation. | 4. Mr. Okamoto's statement is not an opinion; it is a mere factual statement describing a conversation to which he was a party.<br><br>Defendant's hearsay objection is similarly without merit. Any communications NutriThrive made are party admissions and thus, not hearsay. *See* Fed. R. Evid. 801(d)(2).<br><br>Mr. Okamoto explains that he was a participant in the conversation. As such, he had personal knowledge of the conversation and statements made by NutriThrive. For the same reasons, Mr. Okamoto's statement supplies a sufficient foundation. |
| 5. Page 4, lines 3-5, "One of Nutrishare's patients in California also asked NutriThrive to send her more information regarding its products and services. NutriThrive sent her a full 'start-up' packet, which included their business card." | 5. FRE 104, lack of foundation; FRE 602, lack of personal knowledge; FRE 802, hearsay. | 5. Defendant's foundational and personal knowledge objections are inconsequential because (1) this evidence is confirmed by the patient, Kathryn Bundy, in a separate declaration, and (2) Defendant admits sending a California patient its marketing literature. *See* Declaration of Kathryn Bundy ISO Nutrishare's Opp'n to Defendant's Motion to Dismiss or Transfer Venue, at ¶ 3; Declaration of Deborah Pfister ISO BioRx's Reply to Nutrishare's Opp'n to Motion to Dismiss or Transfer Venue ("Pfister Decl."), at ¶ 10.<br><br>Moreover, the fact that NutriThrive sent one of Nutrishare's patients a "full 'start-up' packet" is not |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | hearsay, since it contains no statement by NutriThrive. *See* Fed. R. Evid. 801(a). Even if it did contain a "statement," as that term is defined in Federal Rule of Evidence 801(a), it still is not hearsay since it constitutes a party admission. *See* Fed. R. Evid. 801(d)(2). |

## II.  DECLARATION OF APARNA RAJAGOPAL DURBIN

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 6. Page 1, lines 24-28, "Based on a search on www.google.com, I learned that BioRx was an exhibitor in the 2005 annual meeting of the American Association of Neuromuscular and ElectroDiagnostic Medicine, which was held in Monterey, California. A true and correct copy of the list of exhibitors at this conference ... is attached hereto as Exhibit A." | 6. FRE 104, lack of foundation; FRE 602, lack of personal knowledge; FRE 802, hearsay. | 6. The excerpt provided by Defendant in this objection omits the URL address where the list of exhibitors can be found. This locator information, combined with Ms. Rajagopal-Durbin's statement that she performed the Google Internet search which rendered the list of exhibitors, lays a foundation sufficient to comply with Federal Rules of Evidence 104 and 602.<br><br>Defendant's hearsay objection is without merit. The fact that Defendant was an exhibitor at a particular event is not hearsay, since BioRx's presence at an event is not a statement within the meaning of Federal Rule of Evidence 801. To the extent it is a statement, it is tantamount to a party admission. *See* Fed. R. Evid. 801(d)(2). |
| 7. Page 2, lines 1-7, "Based on the same Google search, I learned that on the same day as the Oley Conference this year – June 26 – BioRx was in | 7. FRE 104, lack of foundation; FRE 602, lack of personal knowledge; FRE 802, hearsay. | 7. The excerpt provided by Defendant in this objection omits the URL address where the list of exhibitors can be found. This locator |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| attendance and marketing its products and services at the Neuropathy Action Foundation's 'Neuropathy Action Awareness Day' at the University of California San Francisco's Mission Bay Conference Center. A true and correct copy of the list of exhibitors at this conference ... is attached hereto as Exhibit B." | | information, combined with Ms. Rajagopal-Durbin's statement that she performed the Google Internet search which rendered the list of exhibitors, lays a foundation sufficient to comply with Federal Rules of Evidence 104 and 602.<br><br>Defendant's hearsay objection is without merit. The fact that Defendant was an exhibitor at a particular event is not hearsay, since BioRx's presence at an event is not a statement within the meaning of Federal Rule of Evidence 801. To the extent it is a statement, it is tantamount to a party admission. *See* Fed. R. Evid. 801(d)(2). |
| 8. Page 2, lines 8-15, "Also based on a Google search, I learned that BioRx worked with Bayer Healthcare, based in Berkeley, California, to publish a children's book on hemophilia entitled 'The Great Inhibitor,' in July, 2006. True and correct copies of press releases announcing this joint venture ... are attached hereto as Exhibit C." | 8. FRE 104, lack of foundation; FRE 602, lack of personal knowledge; FRE 802, hearsay. | 8. The excerpt provided by Defendant in this objection omits the URL address where the press release containing the referenced information can be found. This locator information, combined with Ms. Rajagopal-Durbin's statement that she performed the Google Internet search which rendered the press release, lays a foundation sufficient to comply with Federal Rules of Evidence 104 and 602.<br><br>Defendant's hearsay objection is without merit. The fact that Defendant was a member of a joint venture is not a statement within the meaning of Federal Rule of Evidence 801. To the extent it is a statement, it is tantamount to a party admission. *See* Fed. R. Evid. 801(d)(2).<br><br>Finally, Defendant's objections are inconsequential |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | since it admits working with Bayer Healthcare. *See* Declaration of Eric Hill ISO BioRx's Reply to Nutrishare's Opp'n to Motion to Dismiss or Transfer Venue, at ¶ 5. |
| 9. Page 2, lines 16-19, "Also based on a Google search, I learned that in 2006, BioRx had a Director of Business Development for the 'West,' Julie Winston. True and correct copies of excerpts from the presentation made by Julie Winston at the 2006 Infusion Nurses Society Annual Meeting ... are attached hereto as Exhibit D. | 9. FRE 104, lack of foundation; FRE 602, lack of personal knowledge; FRE 802, hearsay. | 9. The excerpt provided by Defendant in this objection omits the URL address where the Ms. Winston's presentation can be found. This locator information, combined with Ms. Rajagopal-Durbin's statement that she performed the Google Internet search which rendered the presentation, lays a foundation sufficient to comply with Federal Rule of Evidence 104 and 602.<br><br>Defendant's hearsay objection is without merit. Excerpts from Ms. Winston's presentation are not hearsay since they are not being offered to prove the truth of the matter asserted, i.e., the contents of those excerpts. They are merely being offered to prove someone acted in the capacity of Director of Business Development for the "West." *See* Fed. R. Evid. 801(c).<br><br>Even if the excerpts from Ms. Winston's presentation were being offered for the truth of the matter asserted, they would still not be hearsay since Ms. Winston made these statements in her capacity as an employee of BioRx, and as such these statements would be party admissions. *See* Fed. R. Evid. 801(d)(2). |
| 10. Page 2, lines 20-21, "Our client was able to identify at | 10. FRE 104, lack of foundation; FRE 602, lack of | 10. Defendant's objection omits the rest of the relevant |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| least one family within this judicial district that uses NutriThrive products and services on the on-line forum www.parent-2-parent.com." | personal knowledge; FRE 802, hearsay. | paragraph which provides sufficient information to satisfy the foundational and personal knowledge requirements of Federal Rules of Evidence 104 and 602. Moreover, the evidence is not hearsay because it is not a "statement" within the meaning of Federal Rule of Evidence 801.<br><br>Even if the evidence is hearsay, Defendant's objection is inconsequential since Defendant admits doing business with this particular family. *See* Declaration of Deborah Pfister ISO BioRx's Reply to Nutrishare's Opp'n to Motion to Dismiss or Transfer Venue, at ¶ 5. |

### III. DECLARATION OF KATHRYN BUNDY

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 11. Page 2, lines 2-8, "Kathleen responded that NutriThrive works with patients in California, would send one of its nurses to California to help me get started on TPN, and would subsequently have a local nurse from one of the several agencies in the area assist me with TPN. Kathleen said that NutriThrive has relationships with several nursing agencies in California. I also asked if NutriThrive was accredited by the American Commission on Healthcare (ACHC), to which Kathleen responded, 'yes.'" | 11. FRE 802, hearsay; FRE 104, lack of foundation; FRE 602, lack of personal knowledge. | 11. Defendant's hearsay objection is without merit. Ms. Bundy explains in her declaration that "Kathleen" identified herself as a head TPN pharmacist with NutriThrive, which is a division/DBA of Defendant. As such, communications made by employees of NutriThrive are party admissions and thus, not hearsay. *See* Fed. R. Evid. 801(d)(2).<br><br>Defendant's objection omits the remainder of Ms. Bundy's paragraph regarding her telephone calls with NutriThrive, including the |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | statement that Ms. Bundy placed the phone calls herself, when she made the calls, and the number she dialed. This information is sufficient to satisfy the foundational and personal knowledge requirements of Federal Rules of Evidence 104 and 602. |
| 12. Page 2, line 15-20, "The first thing I noticed at the conference this year was that NutriThrive's name was almost everywhere. I don't remember the Oley Foundation playing favorites in the past like it did with NutriThrive this year. For example, there were signs all over the buffet tables on the first full day of the conference indicating that lunch was sponsored by NutriThrive. I really felt that this compromised the integrity of the conference, which should be all about the consumer and not the company." | 12. FRE 104, lack of foundation; FRE 602, lack of personal knowledge; FRE 701, improper opinion testimony of a lay witness. | 12. Defendant's objection omits Ms. Bundy's statement that she personally attended the Oley Conference, which is sufficient to satisfy the foundational and personal knowledge requirements of Federal Rules of Evidence 104 and 602.

Defendant's improper opinion objection is similarly unfounded, since Ms. Bundy simply recounted her personal observations and then provided her impression regarding the proper focus of the Oley Conference, which is rationally based on her own perceptions and helpful to determine the fact in issue. Ms. Bundy did not provide an opinion based on any scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701. |
| 13. Page 2, line 23 – P. 3, line 2, "... I was approached by a woman I didn't know. I don't remember her name, but she ... started asking me questions about myself. As the discussion continued, she seemed to be pumping me for more information and I started to feel uncomfortable-- like I was being courted or wooed. I asked the woman if she was a TPN consumer, and she responded that her daughter | 13. FRE 104, lack of foundation; FRE 701, improper opinion testimony of a lay witness; FRE 802, hearsay. | 13. Defendant's objection omits Ms. Bundy's statement regarding when this exchange took place and who else was present when she was approached. This information is sufficient to satisfy the foundational requirements of Federal Rule of Evidence 104.

Moreover, Defendant's improper opinion objection is unfounded since Ms. Bundy simply recounted a |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| was a TPN consumer, and when I asked her who her TPN provider is, she said she uses NutriThrive, and finally revealed to me that actually, she works for NutriThrive. It was inappropriate, and actually against the rules of the conference, for NutriThrive to be soliciting me in that manner." | | conversation she participated in, and then provided her impression regarding whether that conversation violated rules governing the Oley Conference, where Ms. Bundy was an attendee. Ms. Bundy's opinion is rationally based on her own perceptions and helpful to determine the fact in issue. Ms. Bundy did not provide an opinion based on any scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701.<br><br>Finally, Defendant's hearsay objection is unfounded since Ms. Bundy explains that the woman was a NutriThrive employee. NutriThrive is a division/DBA of Defendant. As such, communications made by employees of NutriThrive are party admissions and thus, not hearsay. *See* Fed. R. Evid. 801(d)(2). In addition, the statement falls within the present sense impression exception to hearsay, and is therefore admissible. *See* Fed. R. Evid. 803(1). |

## IV. DECLARATION OF SHEILA MESSINA

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 14. Page 1, lines 24-26, "When I heard about NutriThrive, it occurred to me that the name 'NutriThrive' sounded quite similar to 'Nutrishare,' the name of my current TPN provider." | 14. FRE 701, improper opinion testimony of a lay witness. | 14. Defendant's improper opinion objection is unfounded since Ms. Messina simply provided her impression regarding the similarity in how two words sound, which is rationally based on her own perceptions, helpful to determine the fact in issue, and is not based on any scientific, |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | technical, or other specialized knowledge. *See* Fed. R. Evid. 701. |
| 15. Page 1, line 28 — P. 2, line 1, "Although I did not actually approach their booth, I again was curious and wondered who they were." | 15. FRE 401, 402, irrelevant. | 15. Ms. Messina's statement regarding her observation of NutriThrive's booth tends to make the fact that Defendant marketed NutriThrive to California residents more probable.  As such, it is relevant within the meaning of Federal Rule of Evidence 401. |

DATED:  August 7, 2008          DOWNEY BRAND LLP


                                By:_____/s/  Michael J. Thomas_____
                                    MICHAEL J. THOMAS
                                    Attorney for Plaintiff
                                    Nutrishare, Inc.