1  DOWNEY BRAND LLP
   MICHAEL J. THOMAS (Bar No. 172326)
2  APARNA RAJAGOPAL-DURBIN (Bar No. 218519)
   555 Capitol Mall, Tenth Floor
3  Sacramento, CA  95814-4686
   Telephone:     (916) 444-1000
4  Facsimile:     (916) 444-2100
   mthomas@downeybrand.com
5  adurbin@downeybrand.com

6  Attorneys for Plaintiff
   Nutrishare, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  Nutrishare, Inc., a California corporation,       Case No. 2:08-CV-01252-WBS-EFB

12                 Plaintiff,                         **RESPONSE TO DEFENDANT'S**
                                                      **OBJECTIONS TO EVIDENCE**
13          v.                                        **SUBMITTED BY PLAINTIFF ISO**
                                                      **MOTION FOR PRELIMINARY**
14  BioRx, LLC, an Ohio Limited Liability             **INJUNCTION**
    Company,
15                                                    _____
                   Defendant.                        Date:     August 11, 2008
16                                                    Time:     2:00 p.m.
                                                      Dept:     Courtroom 5
17                                                    Judge:    Hon. William B. Shubb

18          Plaintiff Nutrishare, Inc. ("Nutrishare" or "Plaintiff") urges the Court to disregard

19  Defendant BioRx, LLC's ("BioRx" or "Defendant") Objections to Evidence Submitted by

20  Plaintiff ISO Motion for Preliminary Injunction ("Objections") in their entirety.  These objections

21  are inappropriate at this early stage of this litigation, when neither party has had the benefit of

22  formal discovery that will assist in obtaining evidence that would be admissible under the Federal

23  Rules of Evidence.  BioRx's objections are particularly specious given that <u>the Federal Rules of</u>

24  <u>Evidence do not strictly apply</u> in the context of a preliminary injunction and the Ninth Circuit

25  routinely consider inadmissible evidence when deciding a motion for preliminary injunction.  *See*

26  *e.g. Republic of Philippines v. Marcos,* 862 F.2d 1355, 1363 (9th Cir. 1988) (affirming

27  preliminary injunction because "district court did not abuse its discretion in considering hearsay

28  and biased evidence of actual confusion because the rules of evidence do not strictly apply to

1  preliminary injunction proceedings); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th

2  Cir. 1984) ("The urgency of obtaining a preliminary injunction necessitates a prompt

3  determination and makes it difficult to obtain affidavits from persons who could be competent to

4  testify at trial. The trial court may give even inadmissible evidence some weight, when to do so

5  serves the purpose of preventing irreparable harm before trial"); *Resource Lenders, Inc. v. Source*

6  *Solutions, Inc.*, 404 F. Supp. 2d 1232, 1239 (E.D. Cal. 2005) ("In determining whether a

7  preliminary injunction is warranted, the [c]ourt may consider otherwise inadmissible evidence,

8  such as hearsay"). Thus, because Nutrishare is likely to suffer irreparable harm if its motion for a

9  preliminary injunction is denied, this Court should disregard all of Defendant's Objections.

10      In the event that the Court considers BioRx's objections, it is apparent that the bulk of its

11  objections are directed at statements made by Nutrishare's declarants regarding inquiries by

12  doctors, nurses, and medical professionals regarding the relationship between Nutrishare and

13  NutriThrive. These objections are baseless because such evidence is not being offered for the

14  truth of the matter asserted, but rather, to show the individuals' confused state of mind. Fed. R.

15  Evid. 803(3); *see also Official Airline Guides v. Goss*, 6 F.3d 1385, 1395 (9th Cir. 1993) ("The

16  evidence was admitted for the limited purpose of demonstrating that consumers associate the term

17  "Travel Planner" with OAG"); *Sunburst Products, Inc. v. Derrick Law Co.*, 1991 U.S. App.

18  LEXIS 352 (9th Cir. 1991) ("statement was not introduced for the truth of the matter asserted, . . .

19  but to show that the individual making the statement was confused in thinking he or she had seen

20  a SHARK watch. Therefore the statements were not hearsay. See Fed. R. Evid. 801(c)");

21  *Sinhdarella, Inc. v. Vu*, 2008 U.S. Dist. LEXIS 14742 (N.D. Cal. 2008) (following the rule of the

22  "majority of circuits" in permitting evidence because "it was not offered to show the truth of the

23  matter asserted and was offered to show the state of mind of the customer declarant").

24      Specifically, Nutrishare responds to each of BioRx's numerous objections as follows:

25  / / /

26  / / /

27  / / /

28  / / /

944201.1

2

## I.     DECLARATION OF REID A. NISHIKAWA

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 1.   Page 1, lines 26-28, "several physicians, with whom Nutrishare has a professional relationship involving patients, have become confused about the connection between Nutrishare and NutriThrive." | 1.   FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 1.   Mr. Nishikawa's entire statement regarding confusion by physicians explains, in full, that these physicians work with Nutrishare's patients, and that these physicians have called on him in his capacity as an employee of Nutrishare to clarify their confusion. Thus, the language omitted by Defendant from its objection satisfies the personal knowledge requirement of Federal Rule of Civil Procedure 602.

Additionally, Mr. Nishikawa's observation about physicians' confusion is not an improper opinion; he merely described certain conversations he had and gave his opinion of those conversations, which is rationally based on his own perception and helpful to determine the fact at issue. His opinion is not based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701.

Finally, Defendant's hearsay objection lacks merit since there is no statement identified within the meaning of Federal Rule of Evidence 801.  To the extent there is a statement identified, it is still admissible because it falls within the state of mind exception to the hearsay rule, since the point is to show that physicians are confused.  Fed. R. Evid. 803(3); *see also Official Airline Guides*, *supra* at 1395; *Sunburst Products, Inc.*, *supra*; *Sinhdarella, Inc.*, |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | *supra.* |
| 2.  Page 2, lines 1-5, "At the 2007 annual meeting of the meeting ... Samuel Kocoshis, MD ... informed me that when he heard about NutriThrive, he initially believed that NutriThrive was somehow related to Nutrishare ..." | 2.  FRE 802, hearsay. | 2.  Defendant's hearsay objection lacks merit since the evidence falls within the state of mind exception to the hearsay rule.  Fed. R. Evid. 803(3); *see also Official Airline Guides, supra* at1395; *Sunburst Products, Inc., supra*; *Sinhdarella, Inc., supra.* |
| 3.  Page 2, lines 6-8, "On or about February, 2008, Leo Rodriguez ... informed me that he had been contacted by NutriThrive representative to arrange a meeting." | 3.  FRE 802, hearsay. | 3.  Defendant's hearsay objection lacks merit since the statement from a NutriThrive representative to Dr. Rodriguez constitutes a party admission and is, therefore, admissible.  *See* Fed. R. Evid. 801(d)(2).<br><br>The statement from Dr. Rodriguez to Mr. Nishikawa is subject to the state of mind exception to the hearsay rule.  Defendant omits the rest of this paragraph, which explains that Dr. Rodriguez was unsure who NutriThrive was and asked Mr. Nishikawa for clarification.  Accordingly, the evidence is admissible since it falls within the state of mind exception to the hearsay rule. Fed. R. Evid. 803(3); *see also Official Airline Guides, supra* at1395; *Sunburst Products, Inc., supra*; *Sinhdarella, Inc., supra* |
| 4.  Page 2, lines 8, "He agreed to meet with them ... | 4.  FRE 602, lack of personal knowledge; FRE 802, hearsay. | 4.  Mr. Nishikawa's knowledge of this incident is derived from his conversation with Dr. Rodriguez about the event.  Thus, he has personal knowledge of Dr. Rodriguez's agreement within the meaning of Federal Rule of Evidence 602. |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | Defendant's hearsay objection is unfounded since the rest of this statement falls within the state of mind exception. Fed. R. Evid. 803(3); *see also Official Airline Guides*, *supra* at 1395; *Sunburst Products, Inc.*, *supra*; *Sinhdarella, Inc.*, *supra*. |
| 5.   Page 2, lines 11-14, "On or about February, 2008, Alex Flores, MD, from Tufts Medical Center Floating Hospital in Boston, informed me that NutriThrive had contacted him and that he, as well as his colleagues, were getting confused about the relationship between NutriThrive and Nutrishare." | 5.   FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 5.   Mr. Nishikawa's statement is not improper opinion testimony. He merely describes conversations he had with Dr. Flores, who informed Mr. Nishikawa that he was confused about the relationship between NutriThrive and Nutrishare. Mr. Nishikawa did not have to opine that Dr. Flores was confused; Dr. Flores explicitly told Mr. Nishikawa that he was confused. *See* Fed. R. Evid. 701. <br><br>To the extent Defendant objects to statements NutriThrive made when contacting Dr. Flores, this is not hearsay since it is a party admission. Fed. R. Evid. 801(d)(2). <br><br>Dr. Flores' comments to Mr. Nishikawa about being confused fall within the state of mind hearsay exception and are, therefore, admissible. Fed. R. Evid. 803(3); *see also Official Airline Guides*, *supra* at 1395; *Sunburst Products, Inc.*, *supra*; *Sinhdarella, Inc.*, *supra*. |
| 6.   Page 2, lines 14, 26-28 (sic), "Even after he met with NutriThrive representative(sic)…" | 6.   FRE 602, lack of personal knowledge; FRE 802 hearsay. | 6.   The evidence is only an excerpt of Mr. Nishikawa's explanation of Dr. Flores' confusion, and is only meant to provide a time reference to explain Dr. Flores' continued |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | confusion. As such, this statement also falls within the state of mind hearsay exception. Fed. R. Evid. 803(3); *see also Official Airline Guides*, *supra* at1395; *Sunburst Products, Inc.*, *supra*; *Sinhdarella, Inc.*, *supra*. |

## II.   DECLARATION OF ANITA WALLIN

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 7.   Page 2, lines 6-7, "The second time I spoke with the discharge planner she mentioned that she was working on getting this patient set up with NutriThrive." | 7.   FRE 802, hearsay. | 7.   The discharge planner's statement to Ms. Wallin falls within the medical treatment exception, and is therefore admissible. *See* Fed. R. Evid. 803(4). |
| 8.   Page 2, line 8, "At first I thought she had misspoken, but she repeated it." | 8.   FRE 802, hearsay. | 8.   The discharge planner's statement to Ms. Wallin falls within the medical treatment exception, and is therefore admissible. *See* Fed. R. Evid. 803(4). The evidence is also admissible since it is being used to show confusion by the discharge planner, and therefore falls within the state of mind exception to hearsay. Fed. R. Evid. 803(3); *see also Official Airline Guides*, *supra* at1395; *Sunburst Products, Inc.*, *supra*; *Sinhdarella, Inc.*, *supra*. |
| 9.   Page 2, lines 8-9, "I then had to correct her that it was Nutrishare, not NutriThrive, that we wanted for the patient's TPN." | 9.   FRE 701, Improper opinion testimony of a lay witness. | 9.   Ms. Wallin's statement is not improper opinion testimony. She is merely describing a conversation she had with the discharge planner and explaining what instructions she gave the discharge planner. |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    DECLARATION OF RODNEY OKAMOTO

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 10. Page 4, lines 4-8, "We now have a reputation in the industry and amongst the clinical leaders in the field of Home TPN as the "superior Home TPN pharmacy service" in the country, which can be verified by physicians, nurses and dietitians who work for competitors as well as clinicians who are routinely "teaching faculty" at the ASPEN, ESPEN, and the AGA (American Gastroenterology Association)." | 10. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 10. At page 1, lines 23-24 of his declaration, Mr. Okamoto explains that he is the President of Nutrishare, which he co-founded in 1991. Given that Mr. Okamoto has been overseeing Nutrishare's development for more than 15 years, it is reasonable to infer that he has personal knowledge of the business's reputation in the industry. *See* Fed. R. Evid. 602.<br><br>Furthermore, based on his involvement and role at Nutrishare, Mr. Okamoto's impression of the company's reputation is rationally based on his own perception, helpful to determine the fact in issue, and is not improperly based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701.<br><br>Finally, the evidence cited by Defendant is not hearsay, since it does not contain a "statement" as that term is defined in Federal Rule of Evidence 801(a). The evidence merely refers to Nutrishare's reputation in the relevant community, and submits that this reputation *could* be verified by numerous individuals if called upon to do so by the Court. |
| 11. Page 4, lines 13-15, | 11. 'FRE 602, lack of personal | 11. Mr. Okamoto is the |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| "Consumer surveys tabulated in articles published by Nutrishare illustrate that Nutrishare's consumers experience fewer central catheter complications than customers of other pharmacy services." | knowledge re the experience of Nutrishare's consumers; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | President of Nutrishare and therefore has personal knowledge about customers' feedback to the company.<br><br>Moreover, his summary of consumers' complications is not an opinion within the meaning of Federal Rule of Evidence 701, but is simply a factual statement regarding what customer surveys illustrate about those complications.<br><br>Finally, Nutrishare's customers' feedback is not inadmissible hearsay since it falls within the medical treatment exception to hearsay. *See* Fed. R. Evid. 803(4). |
| 12. Page 4, lines 16-19, "The Oley Foundation also conducted Home TPN satisfaction surveys in 1994 and 1995, which demonstrated that Nutrishare's customers, as compared to other customers of other providers, were significantly more satisfied with their Home TPH pharmacy service." | 12. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 12. Insofar as the Oley Foundation communicated the results of its surveys to Nutrishare, Mr. Okamoto would have personal knowledge of those results as the President of Nutrishare. Moreover, Mr. Okamoto's perception of those results is not improper opinion testimony, since he is merely reporting the results he observed. *See* Fed. R. Evid. 701.<br><br>Finally, Nutrishare's customers' feedback to the Oley Foundation is not inadmissible hearsay since it falls within the medical treatment exception to hearsay. *See* Fed. R. Evid. 803(4). |
| 13. Page 6, lines 3-5, "Nutrishare ... is held in high esteem amongst Home TPN consumers as well as clinicians | 13. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, | 13. At page 1, lines 23-24 of his declaration, Mr. Okamoto explains that he is the President of Nutrishare, |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| throughout the country." | hearsay. | which he co-founded in 1991. Given that Mr. Okamoto has been overseeing Nutrishare's development for more than 15 years, it is reasonable to infer that he has personal knowledge of the business's reputation in the industry. *See* Fed. R. Evid. 602.<br><br>Furthermore, based on his involvement and role at Nutrishare, Mr. Okamoto's impression of the company's reputation is rationally based on his own perception, helpful to determine the fact in issue, and is not improperly based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701.<br><br>Finally, the evidence cited by Defendant is not hearsay, since it does not contain a "statement" as that term is defined in Federal Rule of Evidence 801(a). The evidence merely refers to Nutrishare's reputation in the relevant community. |
| 14. Page 6, lines 17-18, "The exact cost of this time and effort may potentially amount to millions of dollars ... | 14. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 14. Mr. Okamoto identifies himself on page 1 at lines 23-24 as the President and co-founder of Nutrishare. As such, he is personally knowledgeable within the meaning of Federal Rule of Evidence 602 about the amount of time and effort his employees have spent on over the years promoting Nutrishare.<br><br>Moreover, his estimate of the amount of money spent is not improper opinion testimony. He is merely using his own perception to arrive at a rational conclusion that is |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | helpful to determine the fact at issue, and is not basing that conclusion on any scientific, technical, or specialized knowledge. *See* Fed. R. Evid. 701. |
| 15. Page 6, lines 20-21, "the 'Nutrishare' mark has developed distinctive meaning to consumers." | 15. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 15. Mr. Okamoto identifies himself on page 1 at lines 23-24 as the President and co-founder of Nutrishare.  As such, he is personally knowledgeable within the meaning of Federal Rule of Evidence 602 about Nutrishare's mark and the significance attached thereto.  Moreover, his perception of how that mark is viewed is not improper opinion testimony.  He is merely using his own perception to arrive at a rational conclusion that is helpful to determine the fact at issue, and is not basing that conclusion on any scientific, technical, or specialized knowledge. *See* Fed. R. Evid. 701.

Finally, the evidence is not hearsay since it does not contain a "statement" as defined by Federal Rule of Evidence 801(a). |
| 16. Page 6, lines 21-24, "By virtue of Nutrishare's advertising and sales, together with customer acceptance and recognition, the 'Nutrishare' mark identifies Nutrishare's products and services, only, and distinguishes them from products and services provided by others." | 16. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 16. Mr. Okamoto identifies himself on page 1 at lines 23-24 as the President and co-founder of Nutrishare.  As such, he is personally knowledgeable within the meaning of Federal Rule of Evidence 602 about Nutrishare's mark and whether customers recognize it.  Moreover, his perception of Nutrishare's uniqueness is not improper opinion testimony.  He is merely using his own perception to |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | arrive at a rational conclusion that is helpful to determine the fact at issue, and is not basing that conclusion on any scientific, technical, or specialized knowledge. *See* Fed. R. Evid. 701. |
| 17. Page 6, lines 24-25, "The 'Nutrishare' mark has thus become and is a valuable asset symbolizing Nutrishare, its quality products and services, and its goodwill." | 17. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 17. Mr. Okamoto identifies himself on page 1 at lines 23-24 as the President and co-founder of Nutrishare.  As such, he is personally knowledgeable within the meaning of Federal Rule of Evidence 602 about Nutrishare's mark and the value of it to the company. Moreover, his perception of Nutrishare's value is not improper opinion testimony. He is merely using his own perception to arrive at a rationale conclusion that is helpful to determine the fact at issue, and is not basing that conclusion on any scientific, technical, or specialized knowledge. *See* Fed. R. Evid. 701. |
| 17. (sic) Page 7, lines 2-8, "BioRx's webs-site, www.BioRx.net, states that BioRx is a national provider and distributor of certain specialty pharmaceuticals, related supplies, as well as clinical and reimbursement support services, and provides: (1) in-home hemophilia care; (2) in-home Immunoglobulin G services; (3) in-office enteral and parental (sic) nutrition; and (4) in-home enteral and parenteral nutrition." | 17. (sic) FRE 802, hearsay. | 17. (sic)<br><br>Statements on BioRx's website are not hearsay; they are party admissions and, therefore, admissible. *See* Fed. R. Evid. 801(d)(2). |

944201.1

11

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 17. (sic) Page 13 (sic),[1] lines 10-16, "At last year's Oley Foundation Conference in June, 2007, BioRx made its debut.  A representative of BioRx announced that BioRx was establishing a new division called 'NutriThrive' to provide in-home enteral nutrition and in-Home TPN products and services.  The representative indicated that NutriThrive was in the nascent stages of its existence, had not yet established a web-site, and did not yet have a single customer.  In conjunction with NutriThrive's announcement, BioRx (using the NutriThrive name) sponsored the Oley Foundation at the donor level immediately below the Platinum level." | 17. (sic) FRE 602, lack of personal knowledge (witness did not testify that he attended the conference and heard the statements); FRE 802, hearsay (because of the lack of personal knowledge/foundation, the witness may be basing his testimony on what was told to him by others, which would be hearsay, as opposed to statements he personally heard made by a party). | 17.  (sic)<br><br>Defendant's objections to this evidence are inconsequential since it concedes, under oath, that it was at the June 2007 Oley Conference and made its debut there.  Moreover, Defendant further concedes that Nutrishare was also at the same Oley Foundation Conference and, therefore, undermines its personal knowledge objection.  See Declaration of Deborah Pfister ISO Opp'n to Mot. For Preliminary Injunction, at ¶ 7; *see also* Declaration of Phillip Reilly ISO Motion to Dismiss, at ¶ 8.[2]<br><br>On page 6, lines 3 through 14, Mr. Okamoto explains Nutrishare's relationship with the Oley Foundation and states:  "At each Oley Foundation Conference, Nutrishare strategically and prominently displays the 'Nutrishare' mark and products and services bearing the 'Nutrishare' mark."  It follows that Nutrishare is at the Oley Foundation's Conference each year, and therefore, as Nutrishare's President, Mr. Okamoto has personal knowledge of events that occur at the conference.<br><br>Defendant's hearsay objection lacks merit since it is premised on the assumption that Mr. Okamoto lacks personal knowledge. |
| 18. Page 7, lines 27-28, "NutriThrive's advertisements | 18. FRE 701, Improper opinion testimony of a lay | 18. Mr. Okamoto is not providing an opinion |

---

[1] The evidence objected to by Defendant is located on page 7 of Mr. Okamoto's declaration.
[2] Defendant relies on Phillip Reilly's Declaration ISO its Motion to Dismiss in multiple places in its Opposition to Nutrishare's Motion for Preliminary Injunction ("Opposition").  (*See* Opposition at 3:9-10, 4:7-14.)

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| adopt substantially verbatim the language in Nutrishare's advertisements." | witness; FRE 802, hearsay. | regarding NutriThrive's advertisements; he is making a factual comparison of language it uses in advertisements to language used by Nutrishare in its advertisements.<br><br>The language used by NutriThrive in its advertisements is not hearsay, since it is a party admission. *See* Fed. R. Evid. 801(d)(2). |
| 19. Page 8, line 12, "NutriThrive's web-site functions almost identically to Nutrishare's web-site." | 19. FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 19. Mr. Okamoto is not providing an opinion regarding the functionality of NutriThrive's web-site; he is making a factual comparison of the way its web-site functions to the way that Nutrishare's web-site functions.<br><br>Moreover, the evidence objected to is not hearsay since it does not contain a "statement" as that term is defined by Federal Rule of Evidence 801(a). Even if the evidence did contain a "statement," it still would not constitute hearsay since it would be a party admission. *See* Fed. R. Evid. 801(d)(2). |
| 20. Page 8, lines 16-17, "The only functional difference appears to be that NutriThrive does not have links to newsletters, and its on-line educational services are still under construction." | 20. FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 20. Mr. Okamoto is not providing an opinion regarding the differences in functionality between Nutrishare and NutriThrive's web-sites; he is making a factual comparison of the only apparent differences.<br><br>Moreover, the evidence objected to is not hearsay since it does not contain a "statement" as that term is defined by Federal Rule of Evidence 801(a). Even if the |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | evidence did contain a "statement," it still would not constitute hearsay since it would be a party admission. *See* Fed. R. Evid. 801(d)(2). |
| 21. Page 8, lines 20-21, "Within the past six months, NutriThrive has begun encroaching on Nutrishare's sales territory, and actually has solicited Nutrishare's customers." | 21. FRE 602, lack of personal knowledge; FRE 802, hearsay. | 21. Defendant's objection omits subsequent information provided by Mr. Okamoto, wherein he substantiates this statement by identifying two of Nutrishare's former customers who are currently advocating for NutriThrive. *See* Okamoto Decl. at ¶ 18. Since Mr. Okamoto identifies himself as President and co-founder of Nutrishare, it follows that he would have personal knowledge within the meaning of Federal Rule of Evidence 601 regarding the company's customers and solicitation thereof.

The evidence objected to is not hearsay. First, there is no "statement" identified as that term is defined in Federal Rule of Evidence 801(a). Second, NutriThrive's solicitation of Nutrishare's customers is not hearsay since it is a party admission. *See* Fed. R. Evid. 801(d)(2). Third, Nutrishare customers' reports to Mr. Okamoto of NutriThrive's solicitation are not hearsay since they fall within the state of mind exception to hearsay. Fed. R. Evid. 803(3); *see also Official Airline Guides*, *supra* at 1395; *Sunburst Products, Inc.*, *supra*; *Sinhdarella, Inc.* |
| 22. Page 8, lines 22-23, "medical professionals actually became confused about the relationship between | 22. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, | 22. Defendant omits additional testimony provided by Mr. Okamoto, which establishes that he has personal knowledge within |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| the two companies." | hearsay. | the meaning of Federal Rule of Evidence 602. For instance, on page 8 at lines 23-27, Mr. Okamoto explains that he met with a pharmacist in person who conveyed confusion about the names "Nutrishare" and "NutriThrive." This is not improper opinion testimony since Mr. Okamoto is merely describing conversations he had with professionals who were confused. Nor is this evidence hearsay, since it falls within the state of mind exception. Fed. R. Evid. 803(3); *see also Official Airline Guides, supra* at 1395; *Sunburst Products, Inc., supra*; *Sinhdarella, Inc.* |
| 23. Page 8, lines 24-27, "a pharmacist named Tim from Sullivan's Pharmacy in Boston ... indicated that the names 'Nutrishare' and 'NutriThrive' could cause confusion among his pharmacists ..." | 23. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 23. Defendant omits additional testimony provided by Mr. Okamoto, which establishes that he has personal knowledge within the meaning of Federal Rule of Evidence 602. On page 8 at lines 23-27, Mr. Okamoto explains that he personally met with this pharmacist and participated in this conversation. This is not improper opinion testimony since Mr. Okamoto is merely describing a conversation he had with professionals who were confused. Nor is this evidence hearsay, since it falls within the state of mind exception. Fed. R. Evid. 803(3); *see also Official Airline Guides, supra* at 1395; *Sunburst Products, Inc., supra*; *Sinhdarella, Inc.* |
| 24. Page 9, lines 7-8, "We are also concerned about NutriThrive misrepresenting to consumers and to the public | 24. FRE 602, lack of personal knowledge; FRE 802, hearsay. | 24. The evidence cited does not violate the personal knowledge requirement of Federal Rule of Evidence |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| that it is accredited by the ACHC." | | 602, since Mr. Okamoto is the President of Nutrishare and is merely testifying about Nutrishare's concern.<br><br>This evidence is not hearsay since it is a party admission. *See* Fed. R. Evid. 801(d)(2). |
| 25. Page 9, lines 8-10, "As part of their start-up mailer package, NutriThrive has sent at least one home TPN consumer (who is located in California) a business card indicating that NutriThrive is accredited by the ACHC." | 25. FRE 602, lack of personal knowledge; FRE 802, hearsay. | 25. Mr. Okamoto has personal knowledge of this information because it was provided to him by the consumer who received the start up mailer package, Kathryn Bundy. The evidence is not hearsay. Statements from NutriThrive to TPN consumers are party admissions and, therefore, admissible. *See* Fed. R. Evid. 801(d)(2). Statements from those TPN consumers to Nutrishare are not hearsay since they fall within the state of mind exception. Fed. R. Evid. 803(3); *see also Official Airline Guides*, *supra* at 1395; *Sunburst Products, Inc.*, *supra*; *Sinhdarella, Inc.* |
| 26. Page 9, lines 10-11, "Presumably, all of NutriThrive's current and potential customers receive the same start-up package containing the business card." | 26. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 26. Mr. Okamoto is drawing an inference based on his personal knowledge of advertisements he knows NutriThrive sends out. This is not improper opinion testimony since he it is rationally based on his own perception, is helpful to determine the fact at issue, and is not based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701. |
| 27. Page 9, lines 11-13, "NutriThrive has also verbally represented to at least one home TPN consumer and one ACHC board member that it is | 27. FRE 602, lack of personal knowledge; FRE 802, hearsay. | 27. Mr. Okamoto has personal knowledge of this information because it was provided to him by the consumer and the board |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| accredited by the ACHC (and not the JCAHO)." | | member. The evidence is not hearsay. Statements from NutriThrive to TPN consumers and the board member are party admissions and, therefore, admissible. *See* Fed. R. Evid. 801(d)(2). Statements from those TPN consumers and board member to Nutrishare are not hearsay since they fall within the state of mind exception. Fed. R. Evid. 803(3); *see also Official Airline Guides, supra* at 1395; *Sunburst Products, Inc., supra; Sinhdarella, Inc, supra.* |
| 28. Page 9, lines 13-14, "Although BioRX may be accredited by the ACHC, NutriThrive is not." | 28. FRE 602, lack of personal knowledge; FRE 802, hearsay. | 28. This information is publicly available via the ACHC web-site, and thus is within the personal knowledge of anyone who visits it, including Mr. Okamoto.<br><br>The evidence is not hearsay since it does not contain a "statement," as that term is defined in Federal Rule of Evidence 801(a). |
| 29. Page 9, lines 16-19, "NutriThrive does not currently have Board certified nutrition support pharmacists managing the day to day care of its patients and does not have a comparable breadth and years of experience in caring for Home TPN consumers that Nutrishare does; from staffing, to research technology development and education programs." | 29. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 29. This information is publicly available on BioRx's website, which Mr. Okamoto explains he visited in paragraph 15 of his declaration. It is not improper opinion testimony; he is merely comparing the staffing and experience of Nutrishare to the lack of staffing and experience of NutriThrive. |
| 30. Page 9, lines 19-20, "NutriThrive also appears not to currently offer education on the state-of-the-art in Home | 30. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 30. This information is publicly available on BioRx's website, which Mr. Okamoto explains he visited in paragraph 15 of his |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| TPN." | | declaration. It is not improper opinion testimony; he is merely stating what services are not provided by NutriThrive. |

## IV.    SUPPLEMENTAL DECLARATION OF RODNEY OKAMOTO

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| 31. The entirety of the declaration. | 31. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 31. Defendant's overbroad objection is without merit. First, at page 1, lines 19-20, Mr. Okamoto prefaces his supplemental declaration by stating that it is based on his own personal knowledge.<br><br>Second, as the President and co-founder of Nutrishare, Mr. Okamoto is personally knowledgeable about accreditation requirements for in-home health providers. Accordingly, Mr. Okamoto satisfies the personal knowledge requirement of Federal Rule of Evidence 602.<br><br>Third, the evidence is not improper opinion testimony. Mr. Okamoto is merely describing, under oath, a conversation he had with an individual from a primary accreditation organization that is responsible for licensing in-home healthcare providers. Mr. Okamoto does not provide an opinion based on that conversation.<br><br>To the extent Defendant objects to statements made by Mr. Cesar, these statements are rationally based on Mr. |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | Cesar's own perception and are helpful to determine the fact at issue. Finally, Mr. Cesar did not base his statements on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701. |
| 32. Pages. 1-2, lines 28- 1, "Although Defendant BioRx, LLC is accredited by the ACHC, its in-home TPN division, NutriThrive, is not accredited." | 32. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness. | 32.  This information is publicly available on the ACHC website.  It is not improper opinion testimony; Mr. Okamoto provides a factual statement, not an opinion. |
| 33. Page 2, lines 1-3, "On Wednesday, July 2, 2008, I spoke with Mr. Cesar to discuss my concerns that NutriThrive is misleading the public by saying it is accredited by the ACHC, when it is not accredited . . . ." | 33. FRE 602, lack of personal knowledge (re "misleading the public" and "when it is not accredited"); FRE 701, Improper opinion testimony of a lay witness (re "misleading the public" and "when it is not accredited"). | 33. Mr. Okamoto is merely describing his own concerns, and as such has personal knowledge within the meaning of Federal Rule of Evidence 602.  Moreover, the evidence is not improper opinion testimony since Mr. Okamoto's statements are rationally based on his own perceptions, which are helpful to understand the fact in issue. Moreover, Mr. Okamoto's statements are not based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701. |
| 34. Page 2, lines 3-4, "[Mr. Cesar] ... assured me that the matter is being investigated by the ACHC." | 34. FRE 802, hearsay. | 34. The statement is not hearsay since it is not being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). |
| 35. Page 2, lines 4-7, "Mr. Cesar also told me that, in his opinion as president of the leading organization that licenses in-home healthcare providers, it is dangerous and not in the best interests of the public for BioRx to continue to use the 'NutriThrive' name, given Nutrishare's similar | 35. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 35. Mr. Okamoto explains that this information came directly from Mr. Cesar; because Mr. Cesar made the statement directly to Mr. Okamoto, the evidence satisfies the personal knowledge requirement of Federal Rule of Evidence 602. <br><br>Mr. Cesar's opinion regarding |

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| name and nearly identical therapeutic specialty, because it is likely to confuse the public." | | the likelihood of the public being confused about the distinction between Nutrishare and NutriThrive is not improper opinion testimony. It is rationally based on his own perceptions in the home healthcare business, which is helpful to determine the fact in issue (i.e., the likelihood of the public being confused). Nor does Mr. Okamoto state that Mr. Cesar based his opinion on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701.<br><br>Finally, Mr. Okamoto's description of his conversation with Mr. Cesar is not hearsay, since it falls within the state of mind exception. Fed. R. Evid. 803(3); *see also Official Airline Guides, supra* at1395; *Sunburst Products, Inc., supra*; *Sinhdarella, Inc., supra*.. |
| 36. Page 2, lines 7-8, "According to Mr. Cesar, the ACHC's Director of Accreditation, Sherry Hedrick, shares this opinion." | 36. FRE 602, lack of personal knowledge; FRE 701, Improper opinion testimony of a lay witness; FRE 802, hearsay. | 36. Mr. Okamoto explains that this information came directly from Mr. Cesar, who spoke with Ms. Hedrick himself. Accordingly, Mr. Okamoto has personal knowledge of his conversation with Mr. Cesar within the meaning of Federal Rule of Evidence 602. Similarly, Mr. Cesar has personal knowledge of his conversation with Ms. Hedrick.<br><br>Ms. Hedrick and Mr. Cesar's shared opinion regarding the likelihood of the public being confused about the distinction between Nutrishare and NutriThrive is not improper opinion testimony. Their joint opinion is rationally based on their own perceptions in the home healthcare business, |

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION

| Evidence Objected To | Grounds for Objection | Plaintiff's Response to Defendant's Objection |
|---|---|---|
| | | which is helpful to determine the fact in issue (i.e., the likelihood of the public being confused).  Nor do Mr. Cesar or Ms. Hedric purport to base their opinion on scientific, technical, or other specialized knowledge.  *See* Fed. R. Evid. 701.<br><br>Nor is Mr. Okamoto's description of his conversation with Mr. Cesar hearsay, since it falls within the state of mind exception.  Fed. R. Evid. 803(3); *see also Official Airline Guides, supra* at 1395; *Sunburst Products, Inc., supra*; *Sinhdarella, Inc., supra.* |

DATED:  August 12, 2008                DOWNEY BRAND LLP


By:_____/s/ Michael J. Thomas_____

MICHAEL J. THOMAS
Attorney for Plaintiff
Nutrishare, Inc.

944201.1

21

RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS RE: PRELIMINARY INJUNCTION