1 | AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
MICHAEL R. ADELE (BAR NO. 138339)
2 | CHARLENE J. WILSON (BAR NO. 222497)
ALLEN MATKINS LECK GAMBLE
3 |   MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
4 | San Diego, California 92101-3541
Phone:  (619) 233-1155
5 | Fax:  (619) 233-1158
E-Mail:    awintersheimer@allenmatkins.com
6 |              madele@allenmatkins.com
              cwilson@allenmatkins.com
7 |
Attorneys for Defendant
8 | BioRx, LLC

9 |                     UNITED STATES DISTRICT COURT

10 |                   SOUTHERN DISTRICT OF CALIFORNIA

11 |

12 | NUTRISHARE, INC., a California corporation,   | Case No. 3:08-cv-01493-JM-BLM

13 |                     Plaintiff,    | Complaint filed June 4, 2008

14 |         v.    | **ANSWER OF DEFENDANT BioRx, LLC TO PLAINTIFF'S COMPLAINT**

15 | BioRx, LLC, an Ohio Limited Liability
Company,

16 |                     Defendant.

17 |

18 |        Defendant BioRx, LLC ("Defendant" or "BioRx"), answers Plaintiff's Complaint as

19 | follows:

20 |                                 **I.**

21 |                          <u>**THE PARTIES**</u>

22 |        1.       Defendant admits that Plaintiff is in the business of providing total parenteral

23 | nutrition ("TPN") products and services, but is without knowledge or information sufficient to

24 | form a belief as to the truth of each and every remaining allegation in paragraph 1 of Plaintiff's

25 | Complaint and therefore denies such allegations.

26 |        2.       Defendant admits that BioRx is a limited liability company organized and existing

27 | under the laws of the State of Ohio, and has its principal place of business in Cincinnati, Ohio.

28 | Defendant further admits that BioRx, doing business as NutriThrive, is engaged in the business of

1  providing TPN products and services and that NutriThrive is not separately registered as a formal

2  business entity with the Ohio Secretary of State.  Further answering, Defendant also provides

3  other products and services under the "NutriThrive" name, including enteral therapy and other

4  medical products and services that do not compete with Plaintiff's "Nutrishare" products and

5  services.

6  <center>**II.**</center>

7  <center>**JURISDICTION**</center>

8       3.     Defendant admits that the federal district courts have jurisdiction over claims

9  arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* pursuant to 28 U.S.C. § 1331, 28 U.S.C.

10  § 1338(a) and 15 U.S.C. § 1121, but denies that this Court has personal jurisdiction over

11  Defendant.

12       4.     Defendant admits that the federal district courts have jurisdiction over unfair

13  competition claims pursuant to 28 U.S.C. § 1338(b), but denies that this Court has personal

14  jurisdiction over Defendant.

15       5.     Defendant admits that the federal district courts may exercise supplemental

16  jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), but denies that this Court has

17  personal jurisdiction over Defendant.

18  <center>**III.**</center>

19  <center>**VENUE**</center>

20       6.     Defendant denies the allegations of paragraph 6 of Plaintiff's Complaint.  Further

21  answering, the Court in this matter has determined that venue was not proper in the Eastern

22  District of California.  While Defendant denies that jurisdiction is proper in California, it admits

23  that the Southern District is the only appropriate venue given the Court's finding that jurisdiction is

24  proper.

25  / / / / /

26  / / / / /

27  / / / / /

28  / / / / /

# IV.

## FACTUAL BACKGROUND

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Complaint and therefore denies such allegations.

8.     Defendant admits the facts alleged in paragraph 8 of Plaintiff's Complaint.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Complaint and therefore denies such allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Complaint and therefore denies such allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's Complaint and therefore denies such allegations.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph  12 of Plaintiff's Complaint and therefore denies such allegations.

13.     Defendant denies the allegations set forth in paragraph 13 of Plaintiff's Complaint. Further answering, Defendant introduced its NutriThrive products and services to the market in or about June, 2007, and it has been marketing those products and services since that time.

14.     Defendant admits that NutriThrive is not a separate business entity, but rather is a division and trade name of Defendant BioRx, a limited liability company organized under the laws of the State of Ohio.

15.     Defendant admits the allegations set forth in paragraph 15 of Plaintiff's Complaint. Further answering, Defendant also develops, advertises, markets and distributes other products and services under the "NutriThrive" name, including enteral therapy and other medical products and services that do not compete with Plaintiff's "Nutrishare" products and services.

1    16.    Defendant denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

2    17.    Defendant denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

3    18.    Defendant denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

4 Further answering, Plaintiff acquiesced in Defendant's use of the "NutriThrive" name with full

5 knowledge of such use from at least June, 2007 to June, 2008.

6    19.    Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

7                                    V.

8                          **CLAIMS FOR RELIEF**

9                          **FIRST CLAIM FOR RELIEF**

10    **(Trademark Infringement – Violation of Lanham Act § 32(1), 15 U.S.C. § 1114(1))**

11    20.    Defendant incorporates by reference its responses to paragraphs 1 through 19 set

12 forth above.

13    21.    Defendant is without knowledge or information sufficient to form a belief as to the

14 truth of the allegations in paragraph 21 of Plaintiff's Complaint and therefore denies such

15 allegations.

16    22.    Defendant is without knowledge or information sufficient to form a belief as to the

17 truth of the allegations in paragraph 22 of Plaintiff's Complaint and therefore denies such

18 allegations.

19    23.    Defendant admits that it advertises, markets, sells and offers to sell in interstate

20 commerce products and services under the "NutriThrive" name, including, but not limited to, TPN

21 products and services, which are similar to TPN products and services offered by Plaintiff.

22 Defendant denies each and every remaining allegation in paragraph 23 of Plaintiff's Complaint.

23    24.    Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

24    25.    Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

25    26.    Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

26    27.    Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

27    28.    Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

28    29.    Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.    Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement )

31.    Defendant incorporates by reference its responses to paragraphs 1 through 30 set forth above.

32.    Defendant admits that Plaintiff does business under the name "Nutrishare." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of Plaintiff's Complaint and therefore denies such allegations.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of Plaintiff's Complaint and therefore denies such allegations.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Plaintiff's Complaint and therefore denies such allegations.

35.    Defendant admits that it advertises, markets, sells and offers to sell in interstate commerce products and services under the "NutriThrive" name, including, but not limited to, TPN products and services, which are similar to TPN products and services offered by Plaintiff. Defendant denies each and every remaining allegation in paragraph 35 of Plaintiff's Complaint.

36.    Defendant denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37.    Defendant denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38.    Defendant denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.    Defendant denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40.    Defendant denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.    Defendant denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

/ / / / /

/ / / / /

/ / / / /

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a))

42.     Defendant incorporates by reference its responses to paragraphs 1 through 41 set forth above.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of Plaintiff's Complaint and therefore denies such allegations.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of Plaintiff's Complaint and therefore denies such allegations.

45.     Defendant denies the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47.     Defendant admits that it advertises, markets, sells and offers to sell in interstate commerce products and services under the "NutriThrive" name, including, but not limited to, TPN products and services, which are similar to TPN products and services offered by Plaintiff. Defendant denies each and every remaining allegation in paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – California Business and Professions Code § 17200 et. seq.)

52.     Defendant incorporates by reference its responses to paragraphs 1 through 51 set forth above.

53.     Defendant admits that it advertises, markets, sells and offers to sell in interstate commerce products and services under the "NutriThrive" name, including, but not limited to, TPN products and services, which are similar to TPN products and services offered by Plaintiff. Defendant denies each and every remaining allegation in paragraph 53 of Plaintiff's Complaint.

54.   Defendant denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55.   Defendant denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56.   Defendant denies the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57.   Defendant denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58.   Defendant denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

**VI.**

**PRAYER FOR RELIEF**

Defendant admits that Plaintiff seeks the relief identified in its Prayer for Relief, but denies any liability entitling Plaintiff to the relief requested.

**VII.**

**JURY DEMAND**

No response is required to the request for jury trial.

**VIII.**

**AFFIRMATIVE DEFENSES**

As a separate and further answer to Plaintiff's Complaint, Defendant alleges upon information and belief the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint, and each claim therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of limitation.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in the Complaint. By reason of the foregoing, Plaintiff is barred in whole or in part from recovering monetary damages from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As to each of Plaintiff's claims, Defendant alleges that if it is liable to Plaintiff for damages, which it denies, those damages must be reduced by the amount attributable to the negligence or fault of Plaintiff or any other persons.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands, Estoppel and/or Waiver)

Plaintiff's causes of action are barred by the doctrines of unclean hands, estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims fail because Plaintiff delayed challenging the alleged infringement in an unreasonable manner causing prejudice to Defendant under the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel and Laches Relating to Trademark Applications)

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail by reason of Plaintiff's acquiescence, estoppel and laches relating to Defendant's trademark applications. The Defendant's trademark applications were filed on July 13, 2007 and referred to the Examiner in charge of registration of marks at the United States Patent and Trademark Office pursuant to Section 12(a) of the Trademark Act of 1946. Pursuant to the provisions of Section 12(a), the trademarks for which applications were made were duly published on January 1, 2008 (for services in International Class 044) and January 15, 2008 (for goods in International Class

1  005) in the Official Gazette.  Plaintiff made no attempt to object or oppose said trademark

2  applications, although it had the opportunity to do so under the provisions of Section 13 of the

3  Trademark Act of 1946.  Thereafter, on August 12, 2008, Defendant's trademark for services in

4  International Class 44 was registered on was published upon the Principal Register.  A Notice of

5  Allowance for Defendant's trademark for goods in International Class 005 was issued on April 8,

6  2008.  Defendant relied upon such acquiescence and delay and has instituted use of its trademarks

7  and invested large sums in reliance thereon.  Plaintiff is thereby estopped to allege that any acts of

8  Defendant constitute an infringement of Plaintiff's alleged trademark.

9                              **EIGHTH AFFIRMATIVE DEFENSE**

10                                    **(Implied License)**

11        Defendant is informed and believes, and thereon alleges, that Plaintiff's claims fail because

12  the conduct of the parties during the period in dispute was in conformance with an implied license

13  with respect to the disputed trademark.

14                              **NINTH AFFIRMATIVE DEFENSE**

15                                    **(Abandonment)**

16        Defendant is informed and believes, and thereon alleges, that Plaintiff's claims fail because

17  the implied license above was a naked license due to Plaintiff's conduct and lack of control over

18  the disputed trademark resulting in abandonment of the disputed trademark.

19                              **TENTH AFFIRMATIVE DEFENSE**

20                                **(No Intentional Infringement)**

21        Defendant is informed and believes, and thereon alleges, that Plaintiff's claims fail because

22  Defendant has not intentionally infringed any valid trademark owned by Plaintiff.

23                            **ELEVENTH AFFIRMATIVE DEFENSE**

24                       **(Trademark Misuse/Anti-Trust Violation)**

25        Defendant is informed and believes, and thereon alleges, that Plaintiff's claims fail because

26  Plaintiff is misusing its mark to maintain a monopoly and otherwise unfairly compete against

27  Defendant.  Despite Plaintiff's knowledge of Defendant's use of the NutriThrive trademark,

28  Plaintiff delayed objecting to Defendant's use of the trademark and delayed filing a lawsuit until

1  after NutriThrive had invested considerable sums into advertising and promoting the trademark,

2  such that Defendant's silence and delay constitutes unfair competition and misuse of a trademark

3  to maintain a monopoly.

4                                   **TWELFTH AFFIRMATIVE DEFENSE**

5                                        **(To All Causes of Action)**

6          Defendant presently has insufficient knowledge and/or information with which to form a

7  belief as to whether or not it may have additional as yet unstated affirmative defenses.  Defendant

8  reserves the right to assert additional affirmative defenses in the event that discovery and/or

9  investigation indicates that additional affirmative defenses would be appropriate.

10         WHEREFORE, this answering Defendant prays that:

11         1.      Plaintiff be denied relief by way of its Complaint;

12         2.      Plaintiff's Complaint be dismissed with prejudice;

13         3.      Defendant be dismissed with its costs of suit and attorneys' fees; and

14         4.      For such other and further relief as the court deems proper.

15

16  Dated:  August 28, 2008                          ALLEN MATKINS LECK GAMBLE
                                                      MALLORY & NATSIS LLP
17

18                                           By:  _____/s/ Amy Wintersheimer Findley_____
                                                      AMY WINTERSHEIMER FINDLEY
19                                                    Attorneys for Defendant
                                                      BIORX, LLC
20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

703437.01/SD                                      -10-                                      08cv01493

1

## CERTIFICATE OF SERVICE BY ECF AND/OR MAIL

2    I am employed in the County of San Diego, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 501 West Broadway, 15th Floor, San
3    Diego, California 92101.

4    On **August 28, 2008** , I electronically filed:

5    • **ANSWER OF DEFENDANT BIORX, LLC TO PLAINTIFF'S
    COMPLAINT**
6

Said document(s) is/are available for viewing and downloading from the Court's ECF System and
7    said document(s) was/were served upon all interested parties listed below in the manner indicated.

8

9                                              **Via CM/ECF System & Mail**

10   Michael John Thomas, Esq.                  Attorneys for Plaintiff
     Aparna Rajagopal-Durbin, Esq.             NUTRISHARE, INC.
11   DOWNEY BRAND LLP
     555 Capitol Mall, 10th Floor              Telephone:  (916) 444-1000
12   Sacramento, CA 95814-4686                 Facsimile:  (916) 444-2100

13

     ☒    (MAIL)  by placing a true copy thereof in sealed envelope(s) addressed as stated above and
14   causing such envelope(s) to be deposited in the U.S. Mail at San Diego, California.  I am readily
     familiar with this firm's practice of collection and processing correspondence for mailing.  Under
15   that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary
     course of business.  I am aware that on motion of party served, service is presumed invalid if
16   postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing
     in affidavit. I declare under penalty of perjury under the laws of the State of California that I am
17   employed by a member of the bar of this Court and that the foregoing is true and correct.

18   Executed on **August 28, 2008**, at San Diego, California.

19

20   _____        _____
            Susan L. Pierson
21         (Type or print name)                    (Signature)

22

23

24

25

26

27

28